# TEMPLE v., COCHRAN.

This was a suit by attachment. The affidavit alleges the facts set forth in the third subdivision of the first section of the act, "That the defendant has absconded or absented himself from his usual place of abode in this State, so that the ordinary process of law cannot be served upon him." The writ was in fact served upon the defendant. The defendant filed a plea, in the nature of a plea in abatement, putting in issue the facts set forth in the affidavit. Under this plea, the only issue to be tried by a jury is the fact whether the party so absconded or absented himself as to prevent the service of a writ: The *intention* to abscond, is not a question for their inquiry.

### APPEAL FROM CHARITON CIRCUIT COURT.

STRINGFELLOW & LEONARD, for appellant:

The only question in the record is, what is such an "absconding or absenting," under our attachment laws, as will subject a person's estate to that process.

1. It is sufficient if it be *with intent* to prevent the ordinary process of law from being served, although it may not have that effect; and if this construction be correct, the plaintiff's first seven instructions ought to have been given. They proceeded upon this interpretation of the statute, and there is nothing in the objection, that this was not the issue; for the issue is in the words of the statute and means what the words of the statute mean, and nothing more nor less.

2. But if there be no question about the intention, but only on the fact of such "an absconding or absenting," as will prevent the service of a summons; still it is sufficient, if it be such an absconding or absenting as will defeat its service, if there be only ordinary diligence used to execute it. There need not be such an absconding or absenting, as will render the service absolutely, physically impossible. The object of the law was, to allow a suit against the estate, if a suit against the person should be prevented by the defendant's absconding or absenting himself, and the law ought to have such a reasonable construction as will make it of some practical value, and not a mere trap to catch plaintiffs in. The general law of the land, only requires ordinary diligence of its officers, in their efforts to execute writs; and of course, all the attachment law requires, is such an absconding or absenting as will defeat the service of a writ, if that degree of diligence only, is exerted that the law imposes upon its officers. Here, the court instructed the jury in the words of the statute, and when the plaintiff asked an explanation of its meaning, as applicable to the case on trial, by declaring, that "the jury may find for the plaintiff, although they may find that, at the time of the making the affidavit, it was physically possible to have served the defendant with the ordinary process of the law." The court refused the instructions and that determined the plaintiff's case. The defendant had not gone without the county, and the writ was in fact, personally served, and of course, as the circuit court interpreted this clause of the law, the attachment did not lie.

CLARK, for appellee:

1. In this issue, the indebtedness of the defendant to the plaintiff was admitted, and her indebtedness to others was immaterial to the issue to be tried, consequently, the whole of the evidence rejected by the court, (and for the rejection of which the appellant complains,) was properly rejected. This question has been expressly decided by this court, in the case of Switzer & Harrison vs. Carson & Hays. 9th. Mo. Rep. 740.

2. The statute of this State, title "Depositions," Rev. Statutes, 1845, page 416, gives every party the right to object to any deposition for competency or relevancy at the trial, in the same manner and with the like effect as if the witness was then present in court. Any rule of court therefore, in derogation of this statutory right, is void and cannot rightfully govern the action of the court, or the rights of the parties. The rule may have been made, and in this instance was made before the passage of the act. But admitting the rule of court had precedence of the statute, yet if the evidence in the deposition was clearly irrelevant, it ought not to have been allowed by the court, though no objection was made to it, and if it had been read and contained no matter relevant to the issue, it could not properly govern the action of the jury, and therefore this point, we consider, is of small importance in this case, in any way it may be viewed.

3. To determine the correctness or incorrectness of the decision of the circuit court, in refusing, as well as in giving the instructions presented by both parties in this case, reference must be had to the first section of our attachment act. The words in this affidavit, on which the right to an attachment is predicated, are "the affiant has good reason to believe, and does believe that the defendant has absconded or absented herself from her usual place of abode in this State, so that the ordinary process of law cannot be served on her." The evidence in this case shows, that at the time of making the affidavit, the defendant had not left the county,

but to the contrary, she was then in the county, and the process was served upon her. The whole of the instructions asked by the plaintiff, contain the principle, that if the defendant intended to abscond or absent herself, to prevent the execution of process, and had left her usual place of abode with that intention, she thereby subjected herself to attachment under the subdivision of the statute contained in the affidavit, as well as if she had actually left the county, or jurisdiction of the court.

It is insisted that this affidavit is not authorized, while the ordinary process of law can be served, however fraudulent the intention of the defendant may be, or whatever may have been her intention.

The plaintiff has selected his cause for the attachment, and sworn to it; the defendant denies it. He must prove it. If she had concealed herself, so that the ordinary process could not be served upon her, he ought to have said so. That is made one cause for attachment in the statute. If she was about to remove her property and effects out of the State, it ought to have been so charged; that is also a cause for attachment.

The person of no one can be attached for debt; this proceeding is only authorized against the property. We see therefore the propriety of allowing the writ to issue, when the property is about to be removed, while there is great propriety in requiring the parties to have absconded or absented themselves, so that the process could not be served on them in the ordinary way, before an attachment against the property is allowed; for as long as the parties are in the county, or jurisdiction of the court, they can be sued by proceeding in the ordinary mode, and in this case there was a personal service on the very day the attachment issued.

If we are correct in this construction of the attachment law, the instructions given for the defendant must be right.

Judge BIRCH, delivered the opinion of the court:

This was a suit by attachment. The words of the affidavit upon which it was issued being, "That the said affiant has good reason to believe, and does blieve, that the said defendant has absconded or absented herself from her usual place of abode in this State, so that the ordinary process of law cannot be served upon her."

In point of fact, the writ was served upon the defendant, within the county, the day after it was issued, and the evidence was satisfactory that she had not been out of it. Her conduct had been of a character, however, which might well enough induce the belief that she had absconded at the time the affidavit was made, and the writ issued; and the plaintiff, therefore, upon the trial of the issue in abatement, asked instructions to the effect, that if the jury believed it to have been the intention of the defendant, to prevent the ordinary process of law from being served upon her, and that, therefore, she absconded or absented herself from her usual place of abode, in such manner as might and probably would have defeated the service of the summons upon her, they might find for the plaintiff; although at the time of making the affidavit, it was physically possible to have served upon her ordinary process.

The court declined to give the instructions asked by the plaintiff, but gave others, to the effect that the *instructions* of the defendant were not in issue, and consequently not a subject for the consideration of the jury; and that, the only question for their determination was, whether at the time of making the affidavit the defendant, had "absconded or absented herself from her usual place of abode, in this State, so that the ordinary process of law could not then be served upon her."

Had the facts in the case been deemed by the jury, analagous to those which were hypothetically assumed in the instructions referred to the plaintiff, on the question of "absenting herself," it would have been competent and proper for them to find the issue against her, without any plainer instruction than the one above quoted. It will be perceived, that it is not only clear, but that it contains alike the words of the law, the affidavit and the plea ; and of course presents the *issue.* Whatever therefore, may be the thought of the *apparent* defect of the statute, we deem that the circuit court did right, in conforming its instructions to the terms in which it was written by the legislature. The remedy by attachment being strictly statutory or legislative, and that body having only authorized the "intention" of the party to be considered in two of the nine cases under which the writ may issue, and this not being one of them, the courts may regret, but cannot supply the seeming defect.

Although the record in this case is a somewhat heavy one, yet deeming that the point relied upon, has been sufficiently made and met by what has been written, we but add, that could we discover any ambiguity in the law upon which this proceeding was predicated, we would of course be inclined to attempt such a solution of it as would best promote the apparent ends of justice and of right. Where however, as in this case, the legitimate expressions are not only clear but apparently *discriminating,* neither the circuit courts nor this court can, of course, have any legitimate latitude or discretion.

The judgment of the circuit court is accordingly affirmed.

NAPTON, J.

I concur in affirming the judgment. The question of fact for the jury was, whether the party so absconded or concealed herself as to prevent the service of a writ. The law is aimed at the actions of a debtor, and it is not politic, in my judgment, nor was it so designed, to put to the jury the question of *intention.* The law, as it now stands, I consider sufficient to meet every case, where the conduct of the party defendant

is such as to prevent the service of process, by the exercise of ordinary diligence on the part of the officer.