ELLINGTON, Respondent, vs. MOORE, Appellant.

1. The mere fact that a creditor is temporarily absent from the county of his residence, leaving no white person of his family over the age of fifteen years at his usual place of abode, will not authorize an attachment against his property. (Kingsland v. Worsham & Robinson, 15 Mo. Rep. affirmed.)
2. The term "family," as used in the act regulating the service of process, is not confined to persons under the control, or in the employ of the defendant. Thus, if a son takes his widowed mother to reside with him, she is a member of his family, within the meaning of the statute.

*Appeal from Chariton Circuit Court.*

*Abell & Stringfellow,* for appellant. 1. A mere temporary absence from the usual place of abode, although during such absence, no white member of the family be present, does not authorize an attachment. 2. It is not necessary that a person should be in the employ or under the control of another, to constitute such person a member of the family of such other. A father or brother may be a member of the family of a son or brother, within the meaning of the statute, although the latter may neither employ or control the former. See Johnson's and Webster's definitions of the term "family."

*Clark,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Ellington sued out an attachment against Moore, alleging in the affidavit filed with the petition, that Moore had absconded

or absented himself from his usual place of abode in this state, so that the ordinary process of law could not be served upon him ; and also, that he was about to move his property out of this state, so as to delay, hinder or defraud his creditors. The writ was served by attaching the effects of Moore, and by personally summoning him to answer the action. At the return term, he filed a plea under the statute, denying the facts stated in the affidavit. Upon this plea two issues were made : First, whether the defendant had absconded or absented himself from his usual place of abode, so that the ordinary process of law could not be served upon him ; second, whether he was about to remove his property from the state, with intent to delay, hinder or defraud his creditors. After the evidence was closed, the plaintiff asked the following instructions :

1. If the jury believe from the evidence that, at the time the attachment issued, Moore was absent from the county of Chariton, and that there was no white person of his family then at his usual place of abode in said county, over the age of fifteen years, they ought to find the first issue for the plaintiff.

2. That, in order to enable the sheriff of Chariton county to serve the ordinary process of law on the defendant, Moore, the jury must believe from the evidence that, at the time the writ was issued, Moore, the defendant, was in the county of Chariton, or had in said county a usual place of abode, at which there was some white person of his family above the age of fifteen years.

3. That if the jury believe from the evidence, that the defendant, at the time the writ was issued, was about to remove his property or effects out of this state, with intent to hinder, delay or defraud his creditors in the collection of their debts, then they ought to find the second issue for the plaintiff.

4. If the jury find from the evidence, that W. J. Moore, at the time the writ of attachment was issued, was about to remove his property or effects out of the state with intent to hinder his creditors in the collection of their debts, then they ought to find the second issue for the plaintiff.

5. If the jury find from the evidence that, at the time the writ issued, the defendant, Moore, was about to remove his property or effects out of this state, with intent to delay his creditors in the collection of their debts, then they ought, on the second issue, to find their verdict for the plaintiff.

6. That, although white persons, over the age of fifteen years, may have been living at the usual place of abode in this state, of defendant, yet, if the jury believe also that such white persons were not in the employ of said Moore, they must find for plaintiff, unless they also believe that said Moore had not, at the date of the affidavit, absented himself from his usual place of abode in this state.

7. That, although the jury may believe that white persons, over the age of fifteen years, lived at the usual place of abode of defendant, in this state, yet the jury must not regard such persons as competent to be served with process in this case, unless they also believe from evidence, that Moore had such persons in his employ or under his control.

The court gave all the instructions asked by plaintiff. To the giving of 1st, 2d, 6th and 7th instructions the defendant objected, and his objections being overruled he excepted.

The defendant asked the court to give the following instructions, to-wit:

1. That the affidavit in this case is no evidence, and is not to be regarded as such by the jury.

2. That the jury will find the issue, as to the intent of the defendant in removing his property, for the defendant, unless they believe from the evidence that, in shipping his tobacco, the defendant intended to defraud, hinder or delay his creditors.

3. If the jury believe, that defendant, in shipping his tobacco, was pursuing the usual course of his business, and was not removing it for the purpose of hindering, defrauding or delaying his creditors, they will find the issue, as to his intent in removing his property, for defendant.

4. If the jury believe from the evidence that, at the time the

Ellington *v.* Moore.

writ was issued, defendant's usual place of abode was in Chariton county, and that defendant had only gone to St. Louis on his proper business, with no intention to abandon his residence, but with an intention to return to his usual place of abode, and did so return within a few days after the issuing of said writ, and could then have been served with the ordinary process of law; and that the defendant was, in fact, long before the return of the writ, served with the summons in this case, then the jury ought to find for the defendant as to the issue as to absence.

5. If the jury believe that, after the writ issued, and long before its return, the defendant was in Chariton county, at his usual place of abode, so that a writ could then have been served upon him, they ought to find the issue, as to absence, for defendant.

6. Although the jury may believe, that defendant was not in Chariton county on the day the writ issued, yet if they believe that he was absent temporarily, and in his regular course of business, and that he returned to Chariton county within a few days after the issuing of the writ, and remained in said county for many weeks openly, and so that the ordinary process of law could have been served upon him; and that it was, in fact, served upon him long before the return day of the writ, they ought to find for defendant, as to absence.

7. It is not necessary that a person should be a wife or child, to constitute such person a member of a family; but if the jury believe, that Dr. Bull and his wife and children were living with Moore, at Moore's house, and that, at the time of the issuing the writ, the wife or any child of Dr. Bull was at the house of defendant, and living as above mentioned, over the age of fifteen years, then they may find that the ordinary process of law could have been served on Moore.

8. If the jury believe from the evidence that, at the time the writ was issued in this case, Dr. Bull, the father-in-law of defendant, with his wife and children, were living with Moore, at

Moore's usual place of abode, in the house then and before occupied by Moore as a residence, and that Moore had left his children, furniture and servants in and at the house, under the care of Bull and his family, and at the time the writ was issued the wife of Bull or his daughter, white persons, over the age of fifteen years, were at such house, then the ordinary process of law could have been served on Moore.

The court gave the 1st, 2d and 8th, and refused the others, to-wit : the 3d, 4th, 5th, 6th and 7th instructions.

A verdict was found for the plaintiff and a judgment was afterwards rendered for him, from which the defendant appealed.

1. The first and second instructions given for the plaintiff declare, that the defendant was liable to the process of attachment, if he was absent from the county in which he resided, and there was no white person of his family at his usual place of abode, upon whom process could be served. The law, as thus declared, is in conflict with the decision of this court in *Kingsland* v. *Worsham & Robinson*, 15 Mo. Rep. 659. In this decision, the views of this court are declared upon the clause of the statute which relates to the absconding of a debtor, or his absence from his usual place of abode ; and that decision will determine the present case.

2. The sixth and seventh instructions given for the plaintiff, are incorrect, in confining the term " family" as used in that part of the act regulating practice, which directs the mode of serving process, to those of the defendant's household who may be in his employ, or under his control.

If a son takes his widowed mother to reside with him, and his house is her home, she is, within the terms of the statute, a member of his family, to whom process against him may be delivered ; and yet she may not be employed by him, nor be, in a legal sense, under his control.

As this case will, in all probability, be determined by the application of the law as declared in *Kingsland* v. *Worsham*

*&* *Robinson*, it is not thought necessary to examine the instructions which were asked by defendant and were refused by the court.

The judgment, with the concurrence of the other judges, is reversed, and the cause remanded for further proceedings.