THOMAS TILLER, ADMINISTRATOR OF JOHN ADAMS, Defendant in Error, v. MARK L. ABERNATHY et al., Plaintiffs in Error.

1. *Attachment—Residence.*—Where a defendant makes provision for his family and leaves them at his residence, although he may be personally absent an indefinite period of time, attending to his business, no attachment will lie, as the law has provided the mode by which process may be served; but where he leaves the country, and places his family with a relative to sojourn, the presumption is that he has no fixed place of abode.

*Error to Greene County Probate and Common Pleas Court.*

*T. A. Sherwood*, for plaintiffs in error.

The first declaration of law asked by defendant was based on, and in conformity to, the evidence adduced, and is but an embodiment of the 53d section of the "Act concerning evidence" (R. C. 1855, p. 732). That section provides: "The place where the family of any person shall permanently reside in this State, and the place where any person having no family shall generally lodge, shall be deemed the place of

abode of such person or persons respectively." (Brewer v. Linnaeus, 36 Me. 428; Sto. Confl. Laws, § 46.)

Can any one for a moment doubt that service by *ordinary process* could have been had on the defendant? (Drake Attach. § 42; Kingsland v. Worsham, 15 Mo. 657; 17 Ind. 424; 1 Bin. 349, note.)

As to the different methods by which the service of ordinary process may be had, see R. C. 1855, p. 223, § 7.

The defendant having once acquired a residence in Greene county, it is presumed to continue until another is acquired, *animo et facto.* (1 Bradf. 69; 2 Dutch. 207.) There was no evidence that the defendant had acquired or intended to acquire a domicil or residence (for in the sense in which these terms are used in attachment proceedings they are synonymous) in any other locality. (Stratton v. Bingham, 2 Sand. 420.)

*E. B. Ewing*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff instituted suit by attachment on the 21st of May, 1864, against the defendant, alleging in his affidavit that the defendant had absconded or absented himself from his usual place of abode in this State, so that the ordinary process of law could not be served upon him. At the return term of the writ, the defendant filed a plea in the nature of a plea in abatement, denying the absconding or absenting himself from his usual place of abode, as set out in the affidavit. The issue was tried before the court, both parties waiving a jury. The evidence showed substantially that defendant formerly resided in Greene county; that in 1859 or 1860 he removed from his farm to the town of Ebenezer, in the same county, and that in the latter part of the summer of 1861, he went with his family, consisting of a wife and two children, to his father's-in-law, where his family have ever since resided; and that he in the same year, (1861,) though at what time is not stated, joined the rebel army, and went south with them,

and has never been back except on one occasion. The defendant asked four instructions or declarations of law, which were refused by the court, to which refusal he took exceptions in due form. The court then, sitting as a jury, found the issue for the plaintiff, and gave judgment in his behalf.

The principal question presented for determination is, whether defendant acquired such a residence by removing his family to his father's-in-law, as to make the residence of the latter his usual place of abode within the meaning of our statute, so that service of process on a member of his family would have been legal.

By R. C. 1855, p. 732, § 53, the place where the family of any person shall permanently reside in the State, shall be deemed his place of abode. The evidence in this case does not show with what intent the defendant took his family to stay with his father-in-law. One's domicil or house is in the place where he permanently resides. To constitute a permanent domicil or abode two elements are necessary—one, that of act; the other, that of intent.

Where a man makes provision for his family, and leaves them at his residence, although he may be personally absent an indefinite period of time, attending to his business, no attachment will lie, because the law has pointed out a mode by which service can be had. But where he leaves the country, and permits his family to sojourn with a relative, the presumption is that they are merely staying with the latter, and that he has no fixed or permanent place of abode. Upon the circumstances of this case, whether the defendant had such a permanent residence as to make it his usual place of abode, within the meaning of the law, was a question of fact and intent, and as the triers of the fact have found that he did not, we see no sufficient reason for disturbing the verdict. With this view of the case, we have found it unnecessary to examine the instructions in detail.

With the concurrence of the other judges, the judgment will be affirmed.