Chariton County v. Moberly.

CHARITON COUNTY, Plaintiff in Error, *vs.* WILLIAM E. MOBERLY, Defendant in Error.

1. *Attachment—Temporary absence from the State no ground for attachment when—Non-residence—Absence from place of abode.*—One who is temporarily absent from this State, having his domicile here, although his dwelling is closed in the interim, is not absent in such a way that his property may be attached for non-residence, as contemplated by sub-division 1 of causes for attachment. In such case he is absent " from his usual place of abode," as meant by sub-division 4; and if his absence is such that a summons issued on the same day with the attachment will not be served in sufficient time to give plaintiff all his rights at the return term, he will be held to have so " absented himself" "that the ordinary process of law cannot be served upon him."
The "residence" of the party referred to in subd. 1, is his "domicile," in the same sense as that in which the latter word is used in subd. 6.

2. *Domicile of married man, how determined.*—If a married man has two places of residence at different times of the year, that will be deemed his domicile which he himself selects or describes or deems to be his home, or which appears to be the centre of his affairs, or where he votes or exercises the rights and duties of a citizen.

### Error to Chariton Circuit Court.

*Shackleford*, for Plaintiff in Error, cited in argument, Drake Att., §§ 59, 67; Adams vs. Abernathy, 37 Mo., 195; 1 Wend., 43; Roosevelt vs. Kellogg, 20 Johns., 208; 8 Wend., 140; 4 Wend., 603.

*C. A. Winslow*, for Defendant in Error, cited in argument, Green vs. Beckwith, 38 Mo., 384; Exchange Bank vs. Cooper, 40 Mo., 169; Kingsland vs. Worsham, 15 Mo., 441; Ellington vs. Moore, 17 Mo., 424; Adams vs. Abernathy, 37 Mo., 196; 1 Am. Lead. Cas., [4 Ed.] 747-8, and notes; Bank, &c. vs. Balcom, 35 Conn., 351; Sto. Confl. L., § 47, [6 Ed.]; Harvard College vs. Gore, 5 Pick., 370.

HOUGH, Judge, delivered the opinion of the court.

It appears from the record in this cause, that on the 5th day of November, 1870, an amended petition was filed by the plaintiff, which, after setting forth the cause of action, concludes with the statement, " that at the time of the commencement of this action, to-wit: on the 24th day of April, A. D., 1869, defendant, W. E. Moberly was a non-resident of and did not reside in the State of Missouri."

Annexed to this petition was an affidavit of the attorney of the county of Chariton, subscribed and sworn to on the 23rd day of November, 1869, which also stated that on the 24th day of April, 1869, defendant William E. Moberly was not a resident of the State.

A writ of attachment issued on the 5th day of November, 1870, which was levied on property of the defendant in Chariton county; an order of publication was made, published and proved, and at the May term, 1871, the defendant filed the statutory plea in abatement, denying that on the 24th day of April, 1869, he was a non-resident of the State.

The issue thus made was tried by the court without the aid of a jury, and the finding of the court being for the defendant, and it being admitted by the parties that the defendant had not been served with process, except by publication, and that at the time of the commencement of the action the defendant was not and had not since been a resident of Chariton county, the suit was dismissed for want of jurisdiction. A motion for a new trial was made, overruled and excepted to, and the case comes here by writ of error.

At the trial the deposition of the defendant was read in his own behalf, in which he stated that he had been a resident of the State of Missouri since 1839, and had been a resident of the city of St. Louis since 1864; that he had been in business in said city continually since 1865, and had a business office there, which he daily attended except during a portion of the summer of 1866; that from 1864 to 1872, he resided at various places in said city. He spent the summer of 1866 with his family at Perry Springs, Illinois. In 1867 he purchased and fitted up a dwelling in Alton, Illinois, as a summer residence, where his family remained during the year 1867, and during the summer of 1868. In March, 1869, he again removed his family from St. Louis to Alton, to spend the spring and summer of that year, but about the 15th of April his dwelling there was burned, and his family shortly afterwards removed to St. Louis. The place owned by him at Alton was only intended as a temporary or summer residence. On

the 24th day of April, 1869, he had no temporary residence outside the State. Defendant also read the deposition of Charles O. Logan and Joseph T. Edwards, which tended to show a continuous residence of defendant in St. Louis, from the year 1864 to the year 1872.

No testimony was offered by the plaintiff. Plaintiff then asked the court to declare the law as follows: 1st. "That if the court finds from the evidence that the defendant, William E. Moberley, in the month of March, 1869, removed with his family from the city of St. Louis, in this State, to the State of Illinois, for the purpose of spending the summer in Alton, in said State of Illinois, and ceased during said time to keep house in the city of St. Louis, then the court declares the law to be, that during said summer residence the defendant was a non-resident of Missouri; and if the defendant with his family was thus residing in the State of Illinois on the 24th of April, 1869, at the date of issuing the attachment, the finding must be for the plaintiff on the plea in abatement, notwithstanding the court may believe that defendant had a place of business in St. Louis, during his summer residence in Illinois." 2nd. "That the facts stated by defendant Moberly in his deposition prove that he was a non-resident of the State of Missouri on the 24th of April, 1869, within the provisions of the attachment law, in relation to attachment against the property of non-residents." Which instructions were by the court refused, and the plaintiff excepted.

The court gave the following declarations of law at the instance of the defendant: "If the court sitting as a jury shall find from the evidence, that the defendant, William E. Moberly was a resident of the State of Missouri, so that an ordinary summons could have been served upon him on the 24th day of April, 1869, the day on which the attachment issued in this case, the verdict and judgment should be for the defendant.

The purpose of the second instruction asked by plaintiff, seems to have been to treat the deposition of defendant as an admission by him, and to require the opinion of the court

upon its legal effect, and in this view was perhaps not liable to the objection that it assumed the facts to be true, and dealt with only a part of the testimony. It certainly cannot be that every temporary absence from the State, of a man and his family, for purposes of business, health or relaxation, will subject his property to seizure by attachment, unless he leave behind him a domestic establishment occupied by some member of his family, with whom the officers of the law could leave process which they might have in their hands for service on him during such absence; and yet, to use the language of Judge Gamble, in the case of Kingsland vs. Worsham, (15 Mo., 657) " it is difficult to define the character and prescribe the duration of the absence which shall justify the use of this process. It may be asserted, however, that where the absence is such that a summons issued upon the day the attachment is sued out, will be served upon the defendant in sufficient time before the return day to give the plaintiff all the rights which he can have, at the return term, the defendant has not so absented himself as that the ordinary process of law cannot be served upon him;" and even in that case the process could not issue on the ground of non-residence, but only under the fourth sub-division of the first section.

Such an absence from the State as that described in plaintiff's first instruction, cannot constitute the non-residence intended by the first sub-division of the first section of the attachment act. " One who is not a resident of this State, or is a non-resident as contradistinguished from an absconding resident, must be taken to mean a person whose domicile, usual place of abode, or permanent residence is not in this State, but in some other State." (Greene vs. Beckwith, 38 Mo., 384.)

The statute provides that the writ of attachment may issue in three classes of cases, where the residence of the defendant is involved. First, where he is not a resident of the State; second, where the defendant has absconded or absented himself from his usual place of abode in this State, so that the ordinary process of law cannot be served upon him; third,

when the defendant is about to remove out of this State, with intent to change his domicile.

The word "residence" has technically a more restricted meaning than "domicile," but in this act the words, "not a resident," and "domicile" must be held to be used with reference to the same subject matter, and to denote opposite conditions with reference to habitancy, but not differing in degree. One who is not a resident of this State is one who has a domicile elsewhere. One who has a domicile in this State cannot be a non-resident while temporarily absent from the State. In such case he is absent from his usual place of abode in this State, and if he leaves behind him no member of his family at such place of abode for the period mentioned by Judge Gamble in the case cited above, then he is so absent that the ordinary process of law cannot be served upon him.

Under this section of the attachment law, and the section of the practice act in relation to the service of process, provision is made whereby the plaintiff in any civil action may have the benefit of legal process, when the defendant is permanently absent, temporarily absent, or is about to permanently absent himself from the State.

According to the testimony of the defendant, he had been domiciled in this State for thirty years, and had been a resident of the city of St. Louis for five years, regularly attending to his business there every secular day during that time, with the exception of one summer. The greater portion of this time his household were with him in St. Louis, and that city was his permanent place of residence, and the absence of himself and family from the State, as testified to by him, did not make him a non-resident, within the meaning of the attachment act.

According to the testimony the defendant was clearly subject to ordinary process in St. Louis county, and not liable to attachment. If a married man has two places of residence at different times of the year, that will be deemed his domicile which he himself selects or describes or deems to be his home,

or which appears to be the centre of his affairs, or where he votes or exercises the rights and duties of a citizen. (Sto. Con. Laws, §§ 47, 6 and 8.)

There was no error in giving and refusing instructions, and there was testimony to support the finding. Whether the issue made as to non-residence at the time alleged was proper or material, it is unnecessary to determine.

The judgment is affirmed; the other judges concur.