THE PADDOCK–HAWLEY IRON COMPANY, Respondent, v. ROBERT GRAHAM, Appellant.

St. Louis Court of Appeals, March 22 and April 26, 1892.

1. **Attachment**: APPEAL. The giving of a bond is not a prerequisite to the right of a defendant to appeal from an adverse judgment in an attachment suit, and thereby procure a review of the rulings made in the trial of the issues under the plea in abatement.

2. ———: ABSCONDING FROM USUAL PLACE OF ABODE. The evidence in this cause is considered and *held* insufficient to warrant the submission to the jury of the issue whether the defendant had within the purview of the statute in regard to attachment absconded or absented himself from his usual place of abode in this state so that the ordinary process of law could not be served upon him.

3. ———: PREJUDICIAL ERROR. There was error in the instructions as to one of several grounds of attachment, and the verdict for the plaintiff on the plea in abatement was general, and did not show upon what ground the attachment was sustained. *Held*, that the error was prejudicial.

4. ———: PRACTICE, APPELLATE. When the defendant appeals without giving bond from an adverse judgment in an attachment suit, and no complaint is made of the trial or judgment on the merits, but errors are assigned only of the trial on the plea in abatement, the appellate court may, if the former judgment is personal so that it may bind other property than that attached, remand the cause for a new trial on the plea in abatement, only with directions that the judgment on the merits shall not be disturbed, excepting that proceedings thereon shall be stayed until the issues under the plea in abatement are finally disposed of.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED (*with directions*).

*T. J. Rowe*, for appellant.

*W. B. Homer*, for respondent.

(1) This court has no jurisdiction of this case, as the appeal has not been perfected as required by the statutes, there being no final judgment, and the statute requiring a bond to be given in appeals of this character. R. S. 1889, sec. 562 ; *Jordan v. Wickham*, 21 Mo. App. 536 ; *Duncan v. Forgey*, 25 Mo. App. 310, 312 ; *Mackey v. Hyatt*, 42 Mo. App. 443, 448 ; *Fagley v. Vail*, 11 Mo. App. 601 ; *Metzenberger v. Keil*, 31 Mo. App. 130 ; *Young v. Hudson*, 99 Mo. 102, 105 ; *Wirt v. Dinan*, 41 Mo. App. 236, 242. (2) The instructions as given properly expressed the law of the case. *Ross v. Clark*, 32 Mo. 296 ; *Temple v. Cochran*, 13 Mo. 116 ; *Bennett v. Avant*, 2 Sneed, 152 ; *Ives v. Curtis*, 2 Root, 133. (3) An instruction given in the language of the statute is sufficient. *Temple v. Cochran*, 13 Mo. 116 ; *Beach v. Baldwin*, 14 Mo. 597, 603. (4) If the finding of the jury can be supported under the evidence as to any of the grounds of attachment, it will be sustained. *Tucker v. Frederick*, 28 Mo. 574 ; *Eisenhardt v. Cabanne*, 16 Mo. App. 533.

ROMBAUER, P. J.—Plaintiff filed its affidavit for attachment in November, 1889, alleging as grounds for attachment of defendant's property that he had concealed himself so that the ordinary process of law could not be served upon him ; that he had absconded or absented himself from his usual place of abode in this state, so that the ordinary process of law could not be served upon him, and also both an effected and an

attempted fraudulent disposition, conveyance, conceal-
ment and assignment of his property. The defendant
filed his plea in abatement, and upon the trial thereof
the jury rendered a verdict for the plaintiff. The
defendant saved his exceptions to the rulings on the
trial of the plea, and filed an answer to the merits.
The trial on the merits likewise resulted in a judgment
for plaintiff. The defendant thereupon prayed an
appeal to this court, and the court granted such appeal
without requiring bond, and no bond on such appeal
was given by the defendant.

The defendant assigns errors only charged to have
been committed by the court on the trial of the plea in
abatement. The plaintiff contends that the defendant
is not entitled, on the foregoing state of the record, to
have such errors reviewed here, because, the defendant
having given no bond, there is no appeal from the judg-
ment on the plea in abatement pending in this court.
If this view is correct, the judgment must be affirmed.

Section 562, Revised Statutes of 1889, was in force
when this suit was instituted and tried. Prior to its
first enactment in 1879 no appeal was provided from a
judgment against the plaintiff on a plea in abatement
in an attachment suit. The judgment at once dissolved
the attachment, and a subsequent judgment for the
plaintiff on the merits became, in many cases, of no
practical value to him. But, where the judgment was
in favor of the plaintiff on the plea in abatement, the
defendant could, before the enactment of the law of
1879 as well as thereafter, save his exceptions to the
rulings of the court in the trial of the plea in abate-
ment, file his answer to the merits, and after judgment
against him on the merits appeal and bring the entire
case up for review. *Norvell v. Porter*, 62 Mo. 309, 313.
The only difference which the law of 1879 made, as far
as the defendant's rights of review were affected, was
to limit him to a proceeding by appeal, owing to the
following provision contained therein: "If the party

against whom judgment shall be rendered fails to appeal during the time fixed by law for appeals in other cases, he shall be deemed to have waived all right to have such question reviewed." *Duncan v. Forgcy*, 25 Mo. App. 310; *Young v. Hudson*, 99 Mo. 102, 105.

There is nothing in section 562, *supra*, which makes the defendant's right to appeal dependent upon his giving bond. His failure to give bond deprives him of the right to a *supersedeas*, but not to a right of appeal. Where the defendant is content to have the property seized applied to the satisfaction of the judgment, and to have the judgment executed in other respects, he need give no bond. Whether the property was rightfully seized in the first instance is a question which he has a right to have reviewed, whether he gives bond or not. The law of 1879 intended to put the unsuccessful *plaintiff* into a better position, and not the unsuccessful *defendant* into a worse. The above considerations lead us to conclude that the defendant's exceptions, taken on the trial of the plea in abatement, are before us for review.

As above seen, the plaintiff's affidavit for attachment alleged, as grounds of attachment, the concealment of the defendant's person to avoid service of ordinary process, as well as the fraudulent concealment of his property. These grounds of attachment are distinct from those furnished by the defendant's absconding or absenting himself, or fraudulently assigning or disposing of his property. Upon the trial evidence was adduced by the plaintiff, tending to show a concealment of the defendant's person to avoid the service of ordinary process, and, hence, the defendant's instruction at the close of the evidence, that the plaintiff could not recover on the attachment, was properly refused. There was, also, some slight evidence tending to show a fraudulent concealment of property. There

was no evidence tending to show a fraudulent conveyance or assignment of property, contemplated or effected, and these issues were withdrawn from the jury by instruction of the court.

The defendant asked no. instruction after his demurrer to the evidence was overruled. Upon plaintiff's request the court gave an instruction touching the fraudulent concealment of the defendant's person, which is not subject to any exceptions, and, also, gave the following instructions touching the defendant's having absconded or absented himself: "If the jury believe from the evidence that, at the time of the making of the affidavit for the attachment in this case, the defendant has absconded or absented himself from his usual place of abode in this state, so that the ordinary process of law, explained in these instructions, could not be served upon him, you will find for the plaintiff."

"The jury are instructed that the way of serving the ordinary process of law upon a person, who has no family, is by reading to him the writ or delivering to him in person a copy of the same."

This clause of the attachment law was first under consideration in *Kingsland v. Worsham*, 15 Mo. 657, where the court decided that a casual and temporary absence of a debtor from his usual place of abode is not a legal ground for issuing an attachment against his property. The court said: "Where the absence is such, that, if a summons, issued upon the day the attachment is sued out, will be served upon the defendant in sufficient time before the return day to give the plaintiff all the rights which he can have at the return term, the defendant has not so absented himself as that the ordinary process of law cannot be served upon him." That view was affirmed in *Ellington v. Moore*, 17 Mo. 424, and again in *Chariton Co. v. Moberly*, 59 Mo. 238, and must be considered the settled law of this state.

In the case at bar the writ of attachment and writ of summons issued on the twelfth day of November, 1889, and both were served upon the same day. The writs were returnable to the December term, which began on the second day of December, 1889, so that the last day of service for that term was four days after the day on which the writs were actually served. As above stated, there was evidence of the defendant's concealment, but none of his absconding. The plaintiff's own evidence shows that, during the month of November, the defendant boarded with one Mrs. Brown in the city of St. Louis; that the plaintiff knew that fact, and there is absolutely no evidence that the defendant had either absconded from the city of St. Louis, or had absconded from his boarding house at any time within the month of November. Under these circumstances we are compelled to hold that the court's instructions above set out were erroneous, because not supported by any evidence. The verdict of the jury was a general verdict, which did not state on what ground of attachment they found for the plaintiff, and we are thus unable to find that the error in the instructions was not prejudicial.

It results that the judgment must be reversed and the cause remanded. So ordered. All the judges concur.

### OPINION ON MOTION TO MODIFY JUDGMENT.

ROMBAUER, P. J. — The respondent moves us to modify our judgment, so as to remand the cause for retrial on the plea in abatement alone without disturbing the judgment upon the merits. In support of the motion the respondent shows that the judgment upon the merits has not been challenged by motion for new trial, or in any other manner; that it is a judgment obtained upon personal service, and operates upon all the defendant's property, and not merely on the property attached, and that there is no controversy touching the debt on which it is founded.

The question is one of first impression, and not free from difficulty. On the one hand it seems to be an anomaly to try a plea in abatement after final judgment; on the other hand it is no less an anomaly to vacate a judgment uncomplained of and unchallenged in any manner. The distinct character of the two judgments in this class of cases has been *sub modo* recognized.

Under these circumstances we consider all difficulties best compromised by remanding the cause for new trial on the plea in abatement only, and leaving the judgment upon the merits undisturbed, with directions to the trial court to stay all further proceedings on said judgment until the plea in abatement is finally disposed of. It is so ordered. All the judges concur.