D. C. HORNSBY, Appellant, v. H. L. STEVENS, Respondent.

St. Louis Court of Appeals, February 4, 1896.

1. **Statute of Limitations:** COMMENCEMENT OF ACTION IN JUSTICES' COURTS. When an action is instituted before a justice of the peace by process as distinguished from the voluntary appearance of the parties, it is deemed to have been commenced, not from the filing of the statement of the cause of action, but only from the delivery of the writ to the constable for service.

2. ————: PLEADING IN JUSTICES' COURTS. The statute of limitations need not be specially pleaded in an action commenced before a justice of the peace.

*Appeal from the St. Louis County Circuit Court.*— HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. L. Hornsby* for appellant.

The filing of the account with the justice is the commencement of the suit. R. S. 1889, sec. 2013; *South Missouri Lumber Co. v. Wright*, 114 Mo. 326–331; *State v. Heidhorn*, 74 Mo. 410; *State v. Dolan*, 93 Mo. 467; *Young v. Railroad*, 33 Mo. App. 509; *White v. Reed*, 60 Mo. App. 380; 23 Am. & Eng. Encyclopedia of Law, pp. 479, 485, 317, and cases

cited; *Harold v. State,* 16 Tex. App. 157; Sutherland on Statutory Construction, secs. 138, 154.

*R. H. Stevens* for respondent.

The commencement of a suit before a justice is the delivery of the writ to the constable. R. S. 1889, secs. 2013, 6136; *Watkins v. Railroad,* 53 Mo. App. 660; *Kansas City Co. v. Barker,* 50 Mo. App. 62; *McGrath v. Railroad.* 30 S. W. Rep. 329.

BIGGS, J.—The plaintiff's action is for the value of his services in effecting for the defendant the exchange of certain lands. It is undisputed that the cause of action, if any, accrued on the twenty-seventh day of August, 1889. He filed his statement before the justice of the peace on the twenty-fifth of August, 1894, but the summons was not delivered to the constable until the thirtieth of that month. On a trial in the circuit court, where the case had gone by appeal, it was ruled that the plaintiff's action was barred by the statute of limitations, and judgment was entered for the defendant. The plaintiff has appealed.

When was the suit commenced is the question. If the filing of the statement with the justice was its commencement, then the instruction of the court as to the statute of limitations was wrong; but, if the delivery of the summons to the constable is to be taken as the date of the institution of the suit, then the instruction was right.

We have two sections which bear on the question. Section 6136 of the Revised Statutes of 1889 is as follows: "Suits may be instituted before a justice of the peace either by the voluntary appearance and agreement of the parties or by process; and the process for the institution of a suit before a justice shall be either a summons or an attachment against the property of

the defendant; if by agreement, the action is *deemed commenced* at the time of docketing the case; if by process, *upon the delivery of the writ to the constable to be served;* and he shall note thereon the time of receiving the same."

The other section reads: "Suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either, first, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or, second, by filing such petition in such office, and suing out thereon a writ of summons against the person, or of attachment against the property of the defendant. *The filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein, shall be taken and deemed the commencement of a suit.*" R. S. 1889, sec. 2013. The clause in italics was added as an amendment to the section in the revision of 1889.

Prior to this amendment it had been a question, whether in a court of record the filing of the petition or the suing out of the writ was to be taken as the date of the commencement of the suit. Some confusion had gotten into the decisions on that subject, resulting from want of attention to the facts of prior decisions, which, when read with proper discrimination, rendered it apparent that the filing of the petition was deemed to be the commencement of the action. As to actions begun before justices of the peace, the question admitted of no controversy. It was plainly provided in section 6136, *supra,* that such actions were not deemed to have been instituted until *the process was delivered to the constable for service.* In the case of *South Missouri Lumber Company v. Wright,* 114 Mo. 326, the court had the

amendment under consideration. There it was decided that the filing of the petition in a court of record was "suing out of process" within the meaning of the statute, and, therefore, the filing of the petition must be taken as the date of the institution of the suit. The plaintiff here insists that, under the logic of that opinion, the filing of a complaint before a justice of the peace must likewise be held to be the date of the commencement of the action, and that, as this construction makes the section absolutely repugnant and irreconcilable with section 6136, the latter must be considered as having been repealed. The more recent case of *McGrath v. Railroad*, 30 S. W. Rep. 329, has so far departed from the reasoning adopted in the Wright case as to deprive the plaintiff's argument of its force. That case, like the *Wright* case, was begun in a court of record, and the conclusion reached in both cases was the same, but the construction of the amendment by Judge BARCLAY in the *McGrath* case was essentially different. He held that the words, "suing out of process therein," could not apply to proceedings in a court of record, and that the object of the amendment was merely to codify the existing law on the subject. He seems to have repudiated the reasoning of the opinion in the *Wright* case, which was to the effect that "suing out of process" was merely asking that it be issued and that the filing of the petition was such a request.

While Judge BARCLAY did not express an opinion as to the proper application of the amendment to suits originating in courts not of record, his reasoning leads irresistibly to the conclusion that, in such actions, the suing out of process is the delivery of the summons to the officer for service, and that the suit is deemed to have been commenced from that date. This must be, if the amendment was but the codification of the existing law. We, therefore, hold that the plaintiff's action

was not commenced within five years after his cause of action accrued, and that the instruction of the circuit court was right.

There is no merit in the point that the statute of limitations was not formally pleaded. The suit originated before a justice of the peace where no formal pleadings are required. There the general issue obtains, and, under it, the defendant may show any matter which tends to defeat the plaintiff's action. On a trial *de novo* in the circuit court the rule is the same. R. S. 1889, sec. 6138; *Sherman v. Rockwood*, 26 Mo. App. 403; *Ray v. Railroad*, 25 Mo. App. 104; *Loeffel v. Hoss*, 11 Mo. App. 133.

The judgment of the circuit court will be affirmed. All the judges concur.