SAMUEL R. EAST, Appellant, v. WILLIAM M. WHIT-
MER, Respondent.

### St. Louis Court of Appeals, April 24, 1900.

1. **Attachment: ORDINARY SUMMONS: RETURNABLE IN A REA-
SONABLE TIME: SECTION 6145, R. S. 1889.** The instruction by
the court, that told the jury that the justice had the power at the
commencement of the suit to fix the return day of an ordinary sum-
mons from ten to seventy-four days after its issuance, and whether
personal service thereof could have been had on defendant ten days
before it or not, was in accord with section 6145, Revised Statutes
1889, and therefore correct.

2. ——: ——: ——: **ACTION OF DEBT.** If an ordinary ac-
tion of debt had been brought against him on the sixteenth of Jan-
uary and made returnable as the justice had power to do seventeen
days thereafter, defendant might have been personally served by
ordinary process; therefore, as there was ample evidence to war-
rant the finding of the jury for defendant under the court's instruc-
tion, the judgment must be affirmed.

Appeal from the Clark Circuit Court.—*Hon. Edwin R.
McKee,* Judge.

AFFIRMED.

*O. S. Callihan* for appellant.

Defendant's absence at the time plaintiff brought the
suit was clearly such, as under the statute, gave plaintiff the
right to institute his suit against defendant by attachment, in
order to collect his debt. Temple v. Cochran, 13 Mo. 119;
Kingsland v. Worsham, 15 Mo. 441; Chariton County v.
Moberly, 59 Mo. 238; Paddock-Hawley Co. v. Graham, 48
Mo. App. 638; Waples on Attachment, pages 32, 44, 45, 46.

*J. A. Whiteside* for respondent.

(1) In this case the defendant was honestly and in good faith away on a visit, of not unusual length, making no concealment of his property, his whereabouts, the purpose of his absence or the time at which he would return. All of his acts, everything that he said and did, his entire conduct shows conclusively an honest purpose, and shows too, that he was away only on a short visit. Under such circumstances his absence does not constitute grounds for attachment. Kingsland v. Worsham, 15 Mo. 657; Ellington v. Moore, 17 Mo. 424; Ross v. Clark, 32 Mo. 296; 1 Am. and Eng. Ency. of Law (1 Ed.), page 896; 3 Am. and Eng. Ency. of Law (2 Ed.), page 196. (2) We think if there was error in the instruction given by the court, it was in favor of the plaintiff. Where all the circumstances show that the defendant is honestly absent on a visit, intending soon to return, and that by his absence he is not jeopardizing the claim or interest of the plaintiff, such absence could furnish no grounds for attachment. And if his absence, under such circumstances, would, under our statute, constitute grounds for attachment, surely the plaintiff would not be permitted to file his claim almost immediately after defendant started on his visit, and have the summons made returnable at the earliest possible date; but an ordinarily reasonable time, as expressed in this instruction, should be allowed, and that question was submitted to the jury. We do not believe the instruction was erroneous, but if it was, the verdict in this case was, in our opinion, for the right party, and we think should not be disturbed.

BOND, J.—Plaintiff brought an attachment suit on a note against defendant before a justice on the sixteenth of January, 1899. The ground of attachment was "that de-

fendant had absented himself from his usual place of abode in this state so the ordinary process of law could not be served upon him." On the twenty-second of January, 1899, defendant returned from an absence from the state, which begun on the twentieth of December, 1898, and pleaded in abatement to the attachment. After trial in the justice's court there was an appeal to the circuit court, where plaintiff had judgment on the merits, but was defeated on the attachment, from which he appealed to this court.

The only error alleged grows out of an instruction given by the court, in which the jury were told that when the suit was begun the justice before whom it was instituted had the power to fix the return day of an ordinary summons (had one been issued in the action), from ten to seventy-four days after the issuing of such process, which would then have to be served ten days before the particular return day fixed by the justice. The instruction then submitted to the jury the issue under the evidence whether a suit begun by an ordinary summons on the day of the attachment and made returnable in a reasonable time thereafter (within the limit allowed to set such returns) could have been personally served upon defendant ten days before the time it was made returnable. There was no error in this direction under the statute then applicable. R. S. 1889, sec. 6145; Temple v. Cochran, 13 Mo. 119; Kingsland v. Robinson, 15 Mo. 657; Ellington v. Moore, 17 Mo. 424; Chariton Co. v. Moberly, 59 Mo. 238. It is conceded by appellant that defendant returned from an absence on a trip to his usual place of abode on January 22, 1899, or within six days after suit was brought. Now, if an ordinary action of debt had been brought against him on the sixteenth of January and made returnable (as the justice would have had full power to do) seventeen days thereafter, defendant might have been personally served by

Vol. 84 app—15

ordinary process to answer such action.    Hence it is clear there was ample evidence to warrant the finding of the jury for defendant under an instruction which did not incorrectly state the law applicable to the issues.    The judgment is therefore affirmed.

Judge *Bland* concurs, Judge *Biggs* absent.