ROSENTHAL et al., etc., Respondents, v. WINDEN-SOHLER, Appellant.

St. Louis Court of Appeals, November 28, 1905.

1. **ATTACHMENT: Justice of the Peace: Commencement of Action.** Under section 3850, Revised Statutes 1899, an action by attachment before a justice of the peace is deemed commenced upon the delivery of the writ to the constable to be served; so that the issues tendered by the affidavit in attachment are to be determined as of the date the writ was delivered to the constable, and not as of the date when the affidavit was filed.

2. ———: ———: Ordinary Process of Law. Under section 3862, Revised Statutes 1899, the service of summons by "leaving a copy at the usual place of abode of the defendant with some member of the family above the age of fifteen years," is "ordinary process of law" within the meaning of the third and fourth subdivisions of section 366, stating the grounds for attachment.

3. ———: ———: ———: Return of Officer. Where the return of the constable upon a writ of attachment and summons showed that service was had on the day the same was delivered to him by leaving a copy at the usual place of abode of the defendant with a member of his family, such return is conclusive that the defendant had not concealed himself or absconded so that the ordinary process of law could not be served upon him.

Appeal from St. Louis City Circuit Court.—*Hon. James R. Kinealy,* Judge.

AFFIRMED AS TO THE MERITS AND REVERSED AS TO THE ATTACHMENT.

*Rassieur & Buder* for appellant.

The service of ordinary process is had whenever the constable executes the writ issued by the justice of the peace by leaving a copy of the summons at the usual place of abode of the defendant, with some person of the family above the age of fifteen years. R. S. 1899, sec. 3862. Actions before a justice are not deemed to have been instituted until the process is delivered to the constable for service. Sec. 3850, R. S. 1899; McGrath v. Railway, 128 Mo. 1; 30 S. W. 329; Hornsby v. Stevens, 65 Mo. App. 185; Heman v. Larkins, 99 Mo. App. 294; 73 S. W. 218. In the case at bar the record shows that the writ was received by Constable Morrissey on the 16th day of October, 1903, and his return shows that on the same day the writ of attachment and summons was duly served as required by law, and is conclusive as to the parties connected with the cause of action. State ex rel. v. Finn, 100 Mo. 429; 13 S. W. 712; Hallowell v. Page, 24

Mo. 590; Horton v. Railroad, 26 Mo. App. 349; Manufacturing Co. v. Baker, 35 Mo. App. 217; Smoot v. Judd, 184 Mo. 508 l. c. 518; 83 S. W. 481; Regent Realty Co. v. Armour Packing Co. v. Packing Co., 86 S. W. 880; 112 Mo. App. 271; Kerr v. Railroad, 87 S. W. 596.

*Phil H. Sheridan* and *Hy. B. Davis* for respondents.

It was proper for the court to hear evidence on the condition of defendant on the 15th, the date of the filing of the affidavit. Lindley v. Dixon, 52 Mo. App. 291; Kingsland v. Worsleam, 15 Mo. App. 657; Paddock-Hawley Iron Co. v. Graham, 48 Mo. App. 638; Rop v. Clark, 32 Mo. 296.

STATEMENT.—This suit is by attachment. It was instituted before a justice of the peace in the city of St. Louis. The grounds for attachment alleged in the affidavit are two: first, that the defendant conceals himself so that the ordinary process of law cannot be served upon him; second, that the defendant has absconded or absented himself from his usual place of abode in this State so that the ordinary process of law cannot be served upon him.

The affidavit was filed before the justice of the peace October 15, 1903. The writ of attachment thereon was issued and delivered to the constable on October 16, 1903, on which date he indorsed his receipt thereof on the writ and procured service in the cause by delivering a copy of the writ to a member of the defendant's family over fifteen years of age, at his usual place of abode in the city of St. Louis, and further attaching certain property described in the writ. The constable's return on the writ shows that he executed the writ on the same date that he received it and obtained the ordinary process of law upon defendant. The material portions of the return are as follows:

"RETURN.

"Executed the within writ of attachment and summons the 16th day of October, A. D. 1903, *by leaving a true copy of the same at the usual place of abode of the within named Theodore Windensohler with a member of his family over the age of fifteen years.*

"E. J. MORRISSEY, Constable,
"per T. McALVEY, Deputy."

The case was tried before the justice of the peace and finally found its way into the circuit court where the allegations of the affidavit were put in issue by plea in abatement. Upon a trial *de novo*, a jury being waived, the issues on the plea in abatement were tried to the court. At the conclusion of the evidence on behalf of plaintiff, the defendant asked the court to declare the law to be that under the law and the evidence, the plaintiff could not recover and renewed this demurrer at the conclusion of the whole case, both of which were overruled by the court and exceptions saved.

After unsuccessful motions for new trial and in arrest, the case was brought here by appeal by the defendant, who insists that by the constable's return, which is conclusive on the parties to the record, it appears that the defendant neither absconded nor absented himself nor concealed himself so the ordinary process of law could not be served upon him and therefore no cause for the attachment existed as conclusively appears by the record and the judgment must be reversed.

NORTONI, J., (after stating the facts).—Section 3850, Revised Statutes 1899, provides that suits before a justice of the peace may be instituted by the voluntary appearance of the parties or by process; that the process shall be by summons or attachment, and that the action is deemed commenced "if by process, upon the delivery of the writ to the constable to be served and he shall note thereon the time he received the same." This statute is conclusive upon this question, and in view of its positive

rule, the suit cannot be taken to have been commenced on October 15th, the date of the making and filing of the affidavit, for to do so would abrogate a positive statute on the subject. Nor can the writ be considered as issued on October 15th, the date on which it was actually issued, inasmuch as for reasons of public policy, sufficient to them, and with which this court is not concerned, the Legislature has commanded that in suits by attachment, instituted before a justice of the peace, the suit shall be deemed commenced "upon delivery of the writ to the constable to be served," therefore the cause must be treated as having been instituted October 16th, the date of the delivery of the writ to the constable for service. [Sec. 3850, R. S. 1899; McGrath v. Railway Co., 128 Mo. 1, 30 S. W. 329; Hornsby v. Stevens, 65 Mo. App. 185; Heman v. Larkin, 99 Mo. App. 294, 73 S. W. 218.] For the reasons given, the causes for attachment alleged in the affidavit must be tried and determined, in this case, as of the date the writ was delivered to the constable for service. And likewise the issue as to the truth or falsity of that affidavit must be determined as of that date.

It results from the arbitrary mandate of the statute in this behalf that the rule in this respect is somewhat different from that usually obtaining in attachment suits instituted in the circuit court. In those cases, it has been frequently decided that the plea in abatement puts in issue the truth of the affidavit at the time the writ was actually issued. [Graham v. Bradbury, 7 Mo. 281; McClanahan v. Brack, 46 Miss. 246; Drake on Attachment (7 Ed.), 1891, sec. 111. The generally accepted doctrine in this State on the subject of the time of the commencement of an action in the circuit court is that the filing of the petition in a court of record is the commencement of the action and not the date of the issuance or service of summons thereon. This has been held in cases involving the running of the statute of limitations.

115 app—16

[McGrath v. Railway Co., 128 Mo. 1, 30 S. W. 329; Hornsby v. Stevens, 65 Mo. App. 185.] Our statute is also positive on this question. [Sec. 566, R. S. 1899.]

This court, in Hornsby v. Stevens, supra, said: "As to actions begun before justices of the peace, the question admitted no controversy. It was plainly provided in section 6136, supra (now 3850), that such actions were not deemed to have been instituted until the process was delivered to the constable for service." From all of which, it is self-evident that those authorities holding that the plea in abatement puts plaintiff on the proof of the truth of the causes existing at the time the writ was actually issued, are not in point here for the very good reason that the Legislature, which alone was vested with full and complete authority in that behalf, has prescribed a different rule of decision as to when an attachment suit before a justice of the peace is instituted. It follows as a necessary sequence that the plea in abatement in causes by attachment instituted before a justice of the peace, puts in issue the truth of the allegations contained in the affidavit on the day the writ was delivered to the constable for service, and in this case, the plea puts in issue the truth of the affidavit on the very day that the ordinary process of law was had on appellant by the actual service thereof on a member of his family over fifteen years of age, at his usual place of abode.

2. Therefore, to sustain the attachment, it must be shown that the causes alleged existed at the time of the commencement of the suit as thus fixed. The two grounds alleged for the attachment involve the idea that the ordinary process of law could not be had upon defendant. Our proceeding by attachment is of statutory origin, is in derogation of the common law and must be strictly pursued. It will not suffice to show conduct of the defendant prior to the suing out of the writ alone, but it must be shown what were the facts as to the absconding or absenting himself or concealing himself so that the ordinary process of law could not be served upon

him at the time of the commencement of the action as above indicated. [Temple v. Cochran, 13 Mo. 116.] Under our statute (sec. 3862, R. S. 1899), the defendant could be served in cases of this nature arising before a justice of the peace, "by leaving a copy of said summons at the usual place of abode of the defendant with some person of the family above the age of fifteen years," and such service is beyond all question "ordinary process of law." [Miller v. Tyler, 61 Mo. 401; Adams' Admr. v. Abernathy, 37 Mo. 196.]

It has been said that when a man leaves his family residing at his residence, although he may be personally absent an indefinite length of time attending to his business, no attachment would lie, on the ground that he has concealed himself so the "ordinary process of law cannot be served upon him," because the law has pointed out a mode by which service can be had, as above indicated. [Adams' Admr. v. Abernathy, 37 Mo. 196.] And what was said in that case is equally pertinent in a case where the allegation on which the attachment rests is that he has absconded or absented himself so that the ordinary process of law cannot be served upon him; for in either case the idea involved, which authorizes the attachment, is the withdrawing himself so as to evade all means of ordinary process. The return of the officer under which the respondent is asserting his judgment, shows conclusively upon its face that the appellant had on the very day the suit was commenced, a usual place of abode in this State and that a member of his family over fifteen years of age was thereat, on whom ordinary process could be served and was actually served; and that this return is conclusive and that its recitals impart absolute verity between the parties to this controversy, is settled beyond question. In the very nature of things, the return must be held conclusive upon respondent as he predicates his recovery thereon which he seeks to sustain in this court in this preceeding, and he cannot impeach it. [State ex rel. v. Finn, 100 Mo. 429, 13 S. W. 712;

Smoot v. Judd, 184 Mo. 508; Regent Realty Co. v. Armour Pack Co., 112 Mo. App. 271; 86 S. W. 880; Kerr v. Railway Co., 87 S. W. 596; — Mo. A—. —; Rumsey Mfg. Co. v. Baker, 35 Mo. App. 217; Horton v. Railway Co., 26 Mo. App. 349; Hallowell v. Page, 24 Mo. 590.]

It appears from what has been said that at the time of the commencement of the attachment, the grounds alleged authorizing the proceeding did not exist, and that under the authorities, we are called upon to reassert the language of Judge GAMBLE in Kingsland v. Worsham et al., 15 Mo. 660: "Where the absence is such that if a summons issued upon the day the attachment is sued out (and in this case, that is the day the writ was delivered to the constable for service) will be served upon the defendant in sufficient time before the return day to give the plaintiff all the rights which he could have at the return term, the defendant has not so absented himself as that the ordinary process of law cannot be served upon him." [Chariton County v. Moberly, 59 Mo. 241; Paddock Hawley Iron Co. v. Graham, 48 Mo. App. 642; Ellington v. Moore, 17 Mo. 424.]

It conclusively appears from the record that the respondent had neither absconded, absented himself nor concealed himself so the ordinary process of law could not be served upon him at the time the suit was commenced. The attachment must therefore fail. The learned trial judge erred in refusing the peremptory instruction requested on the plea in abatement and for that reason the judgment sustaining the attachment will be reversed.

This appeal, however, is from the judgment of the court below on the merits of the case as well as on the plea in abatement. There are no errors assigned here as to the proceedings on the merits, and none appear on that branch of the case. The judgment on the merits will therefore be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.