## LOUIS OBERT BREWING COMPANY, Appellant, v. S. A. KELLER, Respondent.

Springfield Court of Appeals, July 28, 1913.

ATTACHMENT: Grounds for: Failure of Proof. An attachment was issued under Sec. 2294, R. S. 1909, on the grounds (1) that defendant concealed himself so that the ordinary process could not be served on him, or (2) that he had absconded or absented himself from his usual place of abode so that the ordinary process could not be served on him. Process was in fact served two days before the last day of service for the the next term of court. *Held*, that the attachment would not lie.

Appeal from Jasper County Circuit Court.—*Hon. H. L. Bright*, Judge.

AFFIRMED.

*John B. Cole* for appellant.

(1)   Competent evidence having been produced upon the trial tending to prove the 1st, 2nd, and 3rd grounds of attachment, alleged in plaintiff's affidavit, it was gross error for the court to instruct the jury that as to said 1st, 2nd, and 3rd grounds the verdict of the jury must be for the defendant.   The court thereby deprived plaintiff of the right of trial by the jury, as to the issues of fact presented to support said grounds of attachment.   Constitution of Missouri, art. II, sec. 28; R. S. 1909, secs. 2294, 2296, 2334, 2335.   (2)   The plea in abatement put in issue the truth of the affidavit for attachment at the time it was filed, since it was filed at the same day plaintiff's petition was filed and the writ of attachment was issued.   R. S. 1909, sec. 1756; Rosenthal v. Windensohler, 115 Mo. App. 241.

*M. R. Lively* for respondent.

ROBERTSON, P. J.—This suit was instituted September 12, 1908, by plaintiff filing its petition against the defendant seeking judgment on three counts for the total sum of $6165.11.   The first count was on an account stated, the second for a balance due on account of goods, wares and merchandise alleged to have been sold and delivered by the plaintiff to defendant between August 1, 1908, and September 1, 1908, and the third count was for sums alleged to have been collected and retained by the defendant as the agent of the plaintiff.   On the same date the plaintiff filed its affidavit alleging the third, fourth, fifth, seventh, eighth, ninth and tenth statutory grounds of attachment.   [Sec. 2294, R. S. 1909.]

It is not disclosed in the record but we assume that summons was issued returnable to the October term of court, the first day of which was October 5, 1908. On the third day of that term the defendant filed his

plea in abatement and his answer denying each and every allegation in the first count of plaintiff's petition, alleging a counterclaim of $8952.01 as to the second count and a general denial to the third count.

It is disclosed by the testimony that for several days prior to the time when plaintiff's petition and affidavit in attachment were filed the plaintiff's attorney, one of plaintiff's officers and various other parties were undertaking to locate the defendant, who then resided with his family in Joplin and had a place of business there and was also interested in some businesses in the near-by towns, and that they made repeated efforts to locate him at all of those places but without avail. It also appears that the defendant had been the agent of the plaintiff at Joplin in handling beer, manufactured and distributed by the plaintiff and that the defendant was in financial straits and had shortly previous thereto unceremoniously quit the business and disappeared. Neither the return to the summons nor the return to the writ of attachment was offered in evidence by either of the parties at the trial, but the sheriff, who was a witness, testified that he served the writ of attachment on September 17, 1908.

On April 19, 1909, the plea in abatement was tried and resulted in a verdict for the defendant. The trial was had to the jury and at the close of the testimony the court instructed the jury that as to the first, second and third grounds in the plaintiff's affidavit for attachment, which in the statute are the third, fourth and fifth, their verdict should be for the defendant, and complaint of this is the only error assigned as to the trial of the plea in abatement that we deem worthy of consideration.

A jury trial on the merits resulted in a judgment for the plaintiff on the first count for $3181.56; on the second count for plaintiff for $2474.85, for the defendant on his counterclaim for $517.50 and for the

defendant on the third count, giving plaintiff a total judgment against the defendant of $5138.91. Plaintiff has appealed and complains only of the judgment on the plea in abatement. The appeal was taken to the Supreme Court and the case has been transferred here.

As above stated the testimony discloses that considerable effort had been displayed by and in behalf of the plaintiff to locate the defendant but apparently not for the purpose of service of process because at that time no suit had been filed. The testimony of the defendant, who was placed on the witness stand by the plaintiff, is undenied and is to the effect that his wife went to St. Louis a few days prior to the 9th or 10th day of September, 1908, to visit her mother who resided there; that the defendant joined her in St. Louis about the 9th or 10th; and that he returned to Joplin somewhere between the 12th and 15th of that month. However that may be, the processes appear to have been served upon the defendant on the 17th day of the month, which was two days before the last day of service for the then next term of court. It has been held from a very early date in this State that if the process may be served, as it was done in this case, a sufficient time before the return date of the writ as not to deprive a plaintiff of any of his rights which he should have at the return term, then the third and fourth grounds of attachment in the statute do not lie, and it therefore follows that in this case the court did not commit any error in withdrawing these grounds from the jury. [Kingsland v. Worsham, 15 Mo. 419; Ellington v. Moore, 17 Mo. 424, 428; Chariton County v. Moberly, 59 Mo. 238, 242; Paddock-Hawley Iron Co. v. Graham, 48 Mo. App. 638, 642; Rosenthal v. Windensohler, 115 Mo. App. 237, 244, 91 S. W. 432.]

There was no testimony tending to support the third ground (the fifth in the statute) alleged in the

plaintiff's affidavit. It follows that the judgment of the circuit court upon the plea in abatement and on the merits should be affirmed, which is accordingly done. All concur.