Wash, X,
delivered the opinion of the Court.
On the 10th day of June, 1825, Dougherty brought an action of indebitatus assumpsit, against Downey, for the price of a horse, and laid his damages at $300. The defendant pleaded the general issue, which the jury found for the plaintiff and assessed damages to $60; on which, judgment was rendered, which, on a subsequent day of the same term, was set aside, and the action abated for want of jurisdiction ; to reverse which latter judgment, this writ of error is prosecuted. The plaintiff relies upon the 34th section of the act establishing Justices’ Courts, and regulating the collection of small debts, which look effect from and alter the 4th day of July, 1825; on the 11th section of the act concerning costs, and the 4th section of an act to establish Courts of Justice, and prescribe their powers and duties; the first of which toolc effect on the 26th January, 1825, and the last on the 27th of the same month. The defendant relies upon the act giving jurisdiction to Justices of the Peace, to the extent of $90, passed January 11th, 1814: see Geyer’s Digest, p. 382; and on the act of February 1st, 1817: ibid, p. 394, which makes it unlawful for persons to sue in the Circuit Court, for any sum within the jurisdiction of a Justice of the Peace. The act of October, 1820, p. 8, sec. 7, continues the powers and duties of Justices of the Peace, as they then existed, &c. The 34th section relied on, can only apply to suits commenced subsequent to the 4th July, 1823. In this country, the filing of the declaration, and not the return of the writ, must be considered as the commencement of suit. In the cause under consideration, the suit was commenced on the 10th of June, 1825, and cannot be reached by the 34th section referred to. The 11th section referred to, provides, that where any action shall be prosecuted in any Court, the subject matter of which is cognizable before such Court, but the amount of debt or damages recovered shall be below the jurisdiction of the Court, the plaintiff shall recover no costs, but may have costs adjudged against him, in the discretion of the Court. The references of the defendant’s counsel, seem to be to the law at large, on the subject of collecting small debts; the 32d and 33d sections of which pro - vide, in substance, that any suit, instituted in the Circuit Court, which is properly cognizable before a Justice of the Peace, shall be abated, &c. Now, this is the law, under which the plaintiff’s action was commenced, and by which it must be abated, had the law continued in force. This law, however, was repealed, from and after the 4th day of July, 1825, talcing from the Circuit Court the power to abate the suit, and giving it a discretionary power to adjudge the costs, as is provided in the 11th section above recited.. This it was perfectly within the power of the Legislature to do. abatement of the writ, under the old law, was in nature of a penalty or punish *483 ment upon the plaintiff, for dragging the defendant before an improper tribunal; as a substitute for which, it is provided, that the Court may, in its discretion, adjudge costs against him. Taking this view of the subject, we think the Circuit Court erred in setting aside the judgment first entered upon the verdict of the jury, and in abating the plaintiff’s action.
The judgment of the Circuit Court is, therefore, reversed, with costs, and this cause remanded to the said Court, with directions to enter up judgment for the plaintiff, and to adjudge the costs, as in its discretion may seem meet.