HITE *et al.*, Defendants in Error, v. HUNTON, Plaintiff in Error.

1. A defendant after appearance cannot take advantage of a variance between the petition and the summons in the names of the plaintiffs.
2. The insertion of an " & " between the christian and sir-name of a plaintiff in the caption of a petition, may be summarily amended.

### *Error to Benton Circuit Court.*

The case is stated in the opinion of Judge Ryland.

*F. P. Wright*, for plaintiff in error.

*Gardenhire*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs filed their petition against the defendant in the Benton Circuit Court. The petition is in the name of Ormsby Hite and Abraham Hite, merchants, trading under the name and style of " Ormsby Hite & Co.," plaintiffs, against Felix Hunton, defendant. The plaintiffs state that said defendant, by his promissory note hereto annexed, dated the eighteenth of October, eighteen hundred and forty-three, promised, for value received, to pay the said plaintiffs, by their copartnership name of Ormsby Hite & Co., one day after date, the sum of two hundred and twenty-one dollars, which, and the interest thereon, are yet due, and for which the plaintiffs ask judgment." The summons issued, requiring the defendant " to answer the complaint of Ormsby & Hite and Abraham Hite, plaintiffs." At the return term of the writ, the parties appeared, and time was given to defendant to file his answer at any time within sixty days from the end of the term. Within the time allowed, the defendant filed the following answer.

" Ormsby & Hite and Abraham Hite *vs.* Felix Hunton. This defendant, Felix Hunton, here says that he never executed or made any note whatever payable to Ormsby & Hite and Abraham Hite, as stated in the plaintiffs' petition, and he does not owe any such note or any part of any such note ; that he never

made or executed to the plaintiffs, Ormsby and Hite and Abraham Hite, partners, by the name of "Ormsby & Hite," any such note as is described in the plaintiffs' petition."

At the same time, he also filed his motion to quash the writ, 1, because there is no summons in favor of Hite & Co. ; 2, because the summons is in favor of Ormsby and Hite and Abraham Hite, and the note filed in the case shows no indebtedness or contract with such parties : 3, because the note filed herewith shows no indebtedness from defendant to said Ormsby and Hite and Abraham Hite ; 4, because the summons and petition do not correspond as to the names of plaintiffs and defendant. At the next term of the court following, the defendant asked leave to file an amended answer, which was granted, and which answer is as follows :

" Ormsby & Hite & Abraham Hite, merchants, trading under the name and style of Ormsby Hite & Co., plaintiffs, against Felix Hunton, defendant. In the Benton Circuit Court." The defendant, Felix Hunton, for answer to said petition, states that he never executed or made any such note whatever payable to Ormsby & Hite & Abraham Hite as stated in plaintiffs' petition, and he says he does not owe any such note, or any part of any such note ; and defendant further says, that he never made or executed to plaintiffs, Ormsby & Hite & Abraham Hite, by their copartnership name of Ormsby, Hite & Co., any such note as described in plaintiffs' petition ; and defendant denies that, by his promissory note, dated the eighteenth day of October, eighteen hundred and forty-three, he promised to pay the said Ormsby & Hite & Abraham Hite, by their copartnership name of Ormsby, Hite & Co., the said sum of two hundred and twenty-one dollars, or any part thereof ; and he denies that the same, or any part thereof, is still due said plaintiffs, Ormsby & Hite & Abraham Hite, as set forth, stated and described in plaintiffs' petition."

The plaintiffs moved to strike out the answer, because the answer does not respond to the petition of the plaintiffs ; because it is wholly irrelevant in this, that the suit is brought by

Ormsby Hite and Abraham Hite, and. the answer responds to the action as if it were brought by Ormsby & Hite and Abraham Hite, and the said answer contains no defence.

The court sustained the plaintiffs' motion and struck out the defendant's answer, and then ordered that the suit be stated as follows : " Ormsby Hite & Abraham Hite, plaintiffs, against Felix Hunton, defendant"—who appear to be the real parties. In the caption of the original petition, there seems to have been something between " Ormsby" and " Hite" which might have been taken for a part of the " H" or an " &."

The defendant, failing to file any other answer, judgment was rendered against the defendant. The defendant filed his motion to arrest the judgment, which motion was overruled. The defendant then filed his bill of exceptions to the various rulings of the court.

I have thus spread the various acts of the parties and the court in full in this opinion, and upon looking into them, find nothing requiring the interference of this court. The petition, either originally or as amended, is for the proper parties and in the name of the proper plaintiffs, viz : Ormsby Hite & Abraham Hite. The mistake of the clerk in the summons gave rise to all the various motions of the defendant. The variance between the summons and petition cannot be taken advantage of now as formerly by the rules of the common law. The petition is the commencement with us, and the object of the summons is to bring the defendant before the court; when there, he must answer the petition and not the summons. The petition and note annexed inform the defendant of the cause of action ; he knew the plaintiffs ; the face of the note showed him who were the persons sueing in the petition, and the petition itself shows this. At the return term, the defendant gets leave to answer, and he files what he calls his answer and his motion to dismiss too. It is too late to move to dismiss after answering, and an answer and a motion to dismiss at the same time being filed, the answer is a virtual waiver of the motion to dismiss. "A misnomer of the plaintiff could only be pleaded in

abatement, and was no ground for setting aside the proceedings, or for a motion in arrest of judgment, or of non-suit at the trial; at least, if it appeared that the defendant was aware that the action was brought by the person who actually sues." (1 Chitty's Pleading, 282. *Dunbar* v. *Craig et al.*, 2 Wheaton's Rep. 45.) Such was the practice at common law. But here the only matter relied on to dismiss the suit is the variance between the petition and the summons. This court held, in *Jones* v. *Cox et al.* (7 Mo. Rep. 173,) that a variance between the declaration and the writ cannot be taken advantage of on a motion to quash; also held that, where the summons varies from the declaration, the court may permit the summons to be amended, and such act is no ground for a continuance. Judge Scott, in this case of *Jones* v. *Cox*, says: "If a variance beteen the declaration and writ can be taken advantage of at all, it is not seen on what principle a party can avail himself of it by motion to quash. According to our practice, the declaration is filed before the writ issues, and the declaration being the foundation of the writ and accompanying it, the party would look to it in order to ascertain the nature of the demand against him and by whom it was instituted; a variance between it and the summons cannot mislead him;" and now it may be taken as the decision of this court, that no such variance can be taken advantage of. I repeat that the object of the writ is to bring the party into court, and when there, he must answer the petition or demur to it. He has nothing to do with the writ. The court below has ample power to make amendments in its proceedings. Petitions may be amended whenever justice will be promoted thereby. Here the court ordered the case to be properly stated, and the defendant's answer not being responsive to the petition, but rather an evasive effort at special pleading, and being what might almost be said to be a negative pregnant—almost a confession that the note was given and debt due to Ormsby Hite & Co., that is, to Ormsby Hite & Abraham Hite, and the defendant failing to file a proper or directly

responsive answer, the judgment below was properly rendered against the defendant, and will, therefore, be affirmed ; Judge Scott concurring.