————o————

PRISCILLA H. FOSTER, Respondent, *vs.* LEVI R. BRESHEARS AND JOEL B. HOLBERT, Appellants.

1. *Evidence—Records—Registry acts for bona fide purchasers.*—The doctrine of this State is that the registry acts were enacted in favor of *bona fide* purchasers and mortgagees.

*Appeal from Hickory Circuit Court.*

*Phelps & Kraft and Bray & Cravens,* for Appellants.

*Waldo P. Johnson,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for lands in Hickory county, consisting of an eighty acre tract, and a quarter section of one hundred and sixty acres. There was no dispute as to the plaintiff's right to recover the eighty acres. The contest was in regard to the quarter section. Both parties claimed title through James E. Foster, from James Dunn, Jr., as the common source of title. The plaintiff stood upon the following chain of title.

1. A deed from James E. Foster, to herself, duly executed and acknowledged on the 5th day of August, 1869.

2. A deed from James Dunn, Jr., to said James E. Foster, duly executed and acknowledged on the 4th day of February, 1858. Neither of which deeds was recorded till after the commencement of the suit. The suit was commenced on the 26th day of August, 1869, by filing the petition on that day. The summons was not issued till in November, and served in December, 1869.

The defendant Breshears, relied on the following chain of title:

1. A deed from his co-defendant Holbert, duly executed and acknowledged on the 28th day of September, 1867, and recorded on the 6th day of January, 1868.

2. A sheriff's deed to Holbert, dated the 5th day of May, 1864, and acknowledged in May, 1870, from the recitals of which it appears, that the sale was made during a session of the County Court, under an execution issued on a judgment of the County Court, rendered against James E. Foster, on the 16th day of December, 1862, in favor of Hickory county, to the use of school township, No. 1 of said county, for principal and interest of a school debt,

3. A quit claim deed executed to the defendant Holbert, by James Dunn, Jr., on the 16th day of November, 1869, and duly acknowledged on that day.

The evidence showed that when Holbert applied to Dunn, for the quit claim deed, he told him that he had no claim to the land; Holbert replied that the record showed no deed from him, and he then executed a quit claim. The case was submitted to the court sitting as a jury, and the court found for the plaintiff, and gave judgment accordingly.

The judgment is for the right party. It is conceded here by both parties, that the sheriff's deed to Holbert, conveyed no title. The only point raised and relied on for reversal, is that, the quit claim deed from Dunn to Holbert, which was made without any valuable or good consideration, conferred the title on him, under our registry acts.

What took place between Dunn and Holbert, when he took the quit claim deed, amounted to actual notice of the prior unrecorded conveyance by Dunn to Foster. Dunn told him he had no title, and under the circumstances that deed could only convey such title as he had. The doctrine in this State is that the registry acts were enacted in favor of *bona fide* purchasers and mortgagees. (Davis vs. Ownsby, 14 Mo., 176; McCamant vs. Patterson, 39 Mo., 110; Aubuchon vs. Bender, 44 Mo., 560.)

Let the judgment be affirmed. The other judges concur.