————o————

THEODORE A. SHAW, Plaintiff in Error, *vs.* WILLIAM PADLEY, Defendant in Error.

| 64 | 519 |
|---|---|
| 128 | 10 |
| 64 | 519 |
| 68a | 266 |

1. *Practice, civil, agreed facts, how treated on appeal.*—Facts agreed upon in a case are, on appeal, to be treated as though found by a jury in a special verdict.

2. *Mortgage—Judgment—Pendente lite—Sales under mortgage and execution—Rights acquired under—Record—Notice.*—A mortgage upon land executed after issue but before service of a petition in ejectment, does not subject the holder thereunder to the liabilities of a purchaser *pendente lite ;* and a sale under such mortgage will hold as against a sale under execution on a judgment obtained in such suit, although the mortgage was recorded after judgment, provided only that the record was prior to the date of the execution. Where, however, the purchaser under the mortgage was also attorney for the plaintiff in the judgment, and the judgment was rendered with his assent and approval, he and any purchaser under the mortgage, with knowledge of the facts, would be estopped from asserting his title as against one holding under the execution sale.

*Error to Bates County Circuit Court.*

*F. J. Galloway, with E. J. Smith,* for Plaintiff in Error, cited : Davis vs. Ownby, 14 Mo. 170 ; Valentine vs. Havener, 20 Mo. 133 ; Stillwell vs. McDonald, 39 Mo. 282 ; Reed vs. Ownby, 44 Mo. 204 ; Marr vs. McIntosh, 21 Mo. 541 ; Peyton vs. Rose, 41 Mo. 257 ; Freem. Judg. §§ 195, 200 ; Allen vs.

Mandaville, 26 Miss. 397; Edwards vs. Bank Smith, 35 Ga. 213; Herrington vs. Herrington, 27 Mo. 560; Murray vs. Ballou, 1 Johns. Ch. 576; Lyle vs. Bradford, 7 Mon. 116; 2 Sugd. Vend. 544, 1045; 1 Vt. 318; Kellogg vs. Fancher, 23 Wis. 21; Wickliff vs. Breckenridge, 1 Bush. 443; Miller vs. Sherry, 2 Wal. 237; Warring vs. Warring, 7 Abb. 472; Goodwin vs. McGibee, 15 Ala. 232.

*C. C. Bassett*, for Defendant in Error, cited: Henri vs. The Grand Lodge, &c., 59 Mo. 581; Inhabitants of Brookfield vs. Carter, 57 Mo. 315; Curtis vs. Curtis, 54 Mo. 351.

NORTON, Judge, delivered the opinion of the court.

This was an action brought before a justice of the peace to recover damages for an alleged trespass of defendant, in cutting timber on the lands of plaintiff.

Defendant appeared. and on his plea of title the cause was certified to the Bates Circuit court for trial.

The cause was tried by the court without the intervention of a jury, and on the trial it was agreed that the title to the land on which the trees were cut was, according to the record, in one Jesse P. Harrell on the 13th March, 1871, and that Padley, the defendant, was at that time in possession of the land; that on the 2d day of August, 1871, said Harrell, by his attorney, T. J. Galloway, filed in the office of the circuit clerk of Bates county his petition in ejectment against said Padley, to recover the possession of said lands; that the petition and writ were served on Padley the 11th day of August, 1871, and in November, 1871, Padley filed answer alleging that deed to Harrell was fraudulent; that on the 7th of August, 1871, Harrell executed to said T. J. Galloway a mortgage to said land, with power of sale to secure him in the payment of a note for one hundred and fifty dollars, which said mortgage was recorded in the recorder's office of Bates county, on the 21st of November, 1872; that on the 7th day of August, 1872, by the consent and agreement of said plaintiff, Harrell and his attorney Galloway, and the defendant, Padley, and his attorneys Bassett and Johnson, the circuit court

of Bates county rendered a judgment in the ejectment suit in favor of plaintiff, for the possession of said land and for costs, and also a judgment for defendant for the sum of four hundred dollars against the plaintiff, which was declared to be a lien on said land, with a stay of execution for eleven months ; and it was further adjudged that the defendant was to keep the crops then being grown and cultivated on said land ; that on the 24th day of November, 1873, the said land was sold under the said mortgage of Harrell to Galloway, and plaintiff, Shaw, became the purchaser, receiving a deed from the trustee, which was duly recorded in the recorder's office on the 25th day of November, 1873.

It appears that execution regularly issued on the said judgment, in favor of Padley against the said Harrell, and a sale was had under the same, of said lands, on the 27th of November, 1871, at which sale said C. C. Bassett became the purchaser, and received a deed to the same ; that prior to said execution Harrell had been put in possession of said land, and that on the 4th of February, 1874, by the authority of said Bassett, he had cut and carried away timber trees from said land, worth fifteen dollars.

The court rendered judgment for defendant on the above state of facts, from which plaintiff has appealed to this court, and insists upon a reversal of the judgment, on the ground that the facts agreed upon will not support the finding and judgment pronounced upon them.

It appears from the bill of exceptions that the facts included in the agreed statement were all the facts that were before the court, and they are to be treated as if they had been found by a jury in a special verdict.  Considering them in this light, the only question presented for our determination is, as to whether the plaintiff acquired a better title to the land on which the alleged trespass was committed, by virtue of the sale made under the mortgage, than was acquired by Bassett, the lessor of defendant, by virtue of the sale under the execution which was issued on the judgment of Padley, obtained in the ejectment suit brought against him by Harrell.

The mortgage made to Galloway having been executed on the 7th of August, five days before the service of the petition and writ upon the defendant in the ejectment suit of Harrell vs. Padley, conveyed to him the legal estate, without casting upon him the liabilities and obligations of a *pendente lite* purchaser, inasmuch as a *lis pendens* is not created, or does not exist until service of the writ or summons upon the defendant.

Galloway, instead of putting his mortgage on record, put it in his pocket till after the judgment was rendered in August, 1872, by his consent and agreement, as attorney for Harrell in the suit of Harrell vs. Padley, and if he were the plaintiff, as purchaser under the mortgage, he would be estopped by his conduct from setting up any right thus acquired against a purchaser, under an execution issued upon a judgment to which he had thus assented, or if the plaintiff in this case, who bought under a sale made in pursuance of the power in the mortgage to Galloway, purchased with a full knowledge of Galloway's action in the premises, he would occupy the like position. There is nothing in the agreed statement of facts tending to show this.

The record shows that the deed of mortgage, by virtue of which plaintiff claims the land on which the trespass was committed, although not recorded before the rendition of the judgment under which Bassett, the lessor of defendant, claims, was duly recorded before any execution issued on said judgment, and that the land was sold under the mortgage before the sale under the execution made to Bassett. From the facts as presented in the record, the plaintiff was entitled to a judgment, and it should have been so rendered.

It will be observed that the date of the sale under the execution, as copied in the agreed statement of facts, is the 27th of November, 1871. This is evidently a clerical mistake made in the bill of exceptions, and we have so treated it. As the judgment was rendered August, 1872, with a stay of execution for eleven months, an execution could not therefore have issued till 1873, which latter year we take to be the true time of the sale, instead of 1871.

The judgment is reversed and the cause remanded. The other Judges concur, except Sherwood, C. J., absent.