OCTOBER TERM, 1894.

(*Continued from Volume 127.*)

128    1
65a  188

128    1
183a   58

128    1
99a  ²298

McGRATH *et al.*, by Next Friend, *Appellant*, v. THE ST. LOUIS, KANSAS CITY & COLORADO RAILROAD COMPANY.

Division One, March 26, 1895.

1. **Practice:** COMMENCEMENT OF ACTION: LIMITATION: STATUTE. Under section 2013 (R. S. 1889), the filing of a petition in a court of record is the commencement of action, as against the bar of limitation, notwithstanding the summons may not be issued until after the period of limitation expires. (*South Missouri Lumber Co. v. Wright* (1893), 114 Mo. 333, *followed*).

2. ———: ———: JUSTICE'S COURT. In a justice's court an action is deemed commenced upon delivery of the writ to the constable.

3. ———: ———: LIS PENDENS. The filing of a petition, under the law in force until 1889, was not regarded as the commencement of suit in respect of the law of *lis pendens*.

4. **Statute:** CONSTRUCTION: FORFEITURE. It is a general principle of the common law that a statute should be liberally construed to prevent a forfeiture of rights.

5. ———: ———. A change of language in a statute does not necessarily indicate a change in its prior construction; and will not be held to have such effect where the change appears to be merely an embodiment of that construction into positive law.

*Appeal from St. Louis County Circuit Court.*

REVERSED AND REMANDED.

.*J. A. Talty* and *A. R. Taylor* for appellants.

The court erred in sustaining the demurrer to the petition, the plaintiffs having filed their petition in the court on the second day of December, 1892, two days before the lapse of a year from the death of their father, had commenced their suit in time, and the statute did not bar them because the clerk neglected to issue the writ of summons until after the lapse of a year. The filing of the petition was the commencement of the suit. *South Missouri Lumber Co. v. Wright*, 114 Mo. 333, 334. This case was not before the trial judge at the time that he sustained the demurrer, or he would not clearly have done so if this case had been then decided. It is not deemed necessary to do more than call the attention of the court to the fact that the trial court sustained the demurrer, in direct conflict with the above cited decision. The case cited exhaustively treats the subject, as also the statute as amended, and we submit that the question is settled, that when the plaintiff has filed his petition in a court of competent jurisdiction, within the time provided by statute, he can not be barred by the neglect of the clerk in failing to issue within the statutory period. The case should be reversed and remanded for a trial.

*Adiel Sherwood* for respondent.

The action of the court in sustaining the demurrer to the petition was correct. It is true that the plaintiffs filed their petition on the second day of December, 1892, but this was only two days before the lapse

of the year. The summons, however, was not issued until after the year had passed, and until after the statute of limitations had run. R. S. 1889, secs. 4427, 4429. Appellants cite, in support of their contention, the case of *South Missouri Lumber Co. v. Wright*, 114 Mo. 333. It is respectfully submitted that that case was improperly decided, and should be overruled. To commence a suit, it is necessary to both file the petition and sue out process therein. R. S. 1889, sec. 2013. Filing the petition alone is not sufficient, and, if process is not sued out within the time allowed by statute for bringing the suit, the action will be barred. The words "the filing of a petition in a court of record, or a statement or account before a court not of record, and suing out of process therein shall be taken and deemed the commencement of a suit," were added to section 2013 by the legislature in the revision of 1889. Prior to that case, this court had repeatedly held that filing a petition with the clerk was the commencement of a suit. Certainly the amendment of the legislature was a vain and useless thing if it accomplished nothing more than to leave the law in exactly the same state as it was prior to the enactment of the amendment. The words "filing of the petition" need no construction. They are plain, definite and clear. The words "and suing out of process" have been frequently construed. The word "and" is a conjunction and is used to join the two necessary elements of the commencement of the suit, to wit, the filing of the petition and the suing out of process, showing the necessity of both these things before the suit shall have been commenced. "Suing out of process"—"process" is so denominated because it "proceeds or issues forth in order to bring the defendant into court to answer the charge preferred, and signifies the writ or judicial means by which he is brought to answer." *Davenport v. Bird*, 34 Iowa,

527. ."The word 'process' has, in law, a well established legal meaning in its application to the commencement of the proceeding; it is used to designate the writ or other judicial means by which a defendant is brought into court to answer a charge, though there may afterward be issued, in the progress of the cause, interlocutory and final process." *City of Phila. v. Campbell*, 11 Phila. Rep. (Penn.) 164. "In short, it generally imports the writs which issue out of any court to bring a party to answer or for doing the execution." *Pluester v. McClelland*, 98 Eng. C. L. 359. Process, then, in the sense of the statute, is equivalent to summons. In short, is the same thing, which is defined as, "the name of a writ commanding the sheriff, or other authorized officer, to notify a party to appear in court to answer a complaint." *Baird v. Pridmore*, 31 How. Pr. (N. Y.) 362. Undoubtedly by the great weight of authority, an action "is regarded as begun so as to satisfy the statute of limitations at the time-of suing out of process and delivering it to a proper officer for service. Under this rule, the mere filing of the complaint is not sufficient. There must be both the filing of the complaint and the issuing of a summons." Elliott Gen. Pr. sec. 303. Under the common law practice, the *teste* of the writ was the commencement of the action. This referred to the original writ; afterward, when a *capias* was issued which presumed the prior issuance of an original, the *teste* of the *capias* was the commencement of the action. 3 Black. Com. 272; *Ib.* 282; *Spinning v. Ins. Co.*, 2 Disney (Ohio) 348. This has been followed from an early day in this country, the *teste* of the writ and its issuance being presumed to have been done on the same day, and this is a reasonable presumption, too, for it can not be reasonably said that the writ would be dated on one day and tested on another. *Carpenter v. Butterfield*, 3 Johns.

Cas. 145; *McCluskey v. Cromwell*, 11 N. Y. 601. And this presumption is carried out in sec. 2014 of our Revised Statutes. The statute of Missouri is, for all practical purposes, the same as the statute of Indiana, and ought to have the same construction in Missouri as is given to it in Indiana. *Ramsey v. Foy*, 10 Ind. *loc. cit.* 498. This was an early decision, but the statute has been continued the same with the same construction. R. S. Ind. 1888, sec. 314. Time and again this court has declared the rule to be that our courts will give to a statute of another state, adopted by our legislature, the same construction as it has in the state from whence adopted. *Skrainka v. Allen*, 76 Mo. 384. From the earliest day in this country, the words "commence a suit" have meant the suing out of process or origination of a proceeding whereby an action in a court of law or equity is instituted to establish some right or redress some wrong. *Wilson v. Baptist Society*, 10 Barb. (N. Y.) 318. The definition of the verb "to sue out" given in the Century Dictionary, is, "to petition for and take out; apply for and obtain; as to sue out a writ in chancery; to sue out a pardon for a criminal." Century Dictionary, p. 6043. This definition is directly in line with our argument, and, we submit, with the plain intention of this amendment to the statute which uses the phrase, "suing out of process" that is, applying for and obtaining process. *Brick Co. v. Barker*, 50 Mo. App. 60; *Watkins v. Railroad*, 53 Mo. App. 662.

BARCLAY, J.—The only question in this case is, what constitutes the commencement of an action, with reference to the limitation of time for bringing it.

The question arises on these facts:

December 2, 1892, Annie McGrath was duly appointed next friend of three minors. On the same

day, in that capacity, she filed a petition to recover of defendant statutory damages for the killing of their father.

In the petition it is alleged that the father was killed, December 4, 1891, in St. Louis, by an engine and train of the defendant, and that his death resulted from the negligent operation of the engine and train by defendant's servants in charge.

The particular negligence complained of is set forth in the petition; but it is not necessary to refer to it, further than to say that it purports to state a case for damages under chapter 49 (R. S. 1889).

After the filing of the petition, a summons was issued by the clerk, December 6, 1892. It was served upon defendant, December 13, 1892.

At the return term of the writ defendant demurred on the ground that it appeared on the face of the record that the suit "was not commenced until more than one year after the alleged cause of action accrued."

The trial court sustained the demurrer. The plaintiffs declined to plead further. Judgment was then rendered for defendant, and plaintiffs appealed.

It will be seen that the petition was filed within one year from the death of plaintiffs' father; but that the summons in the action was not issued within the year.

Defendant claims that the action was, therefore, in contemplation of law, not commenced within that period, which both parties concede as the term limited for bringing the action (R. S. 1889, sec. 4425).

Plaintiffs, on the other hand, contend that the filing of their petition was the commencement of the suit, so far as concerns any bar of limitation.

No technical objection is made to considering, in that form, the defense stated in the demurrer. Plain-

tiffs meet that issue on its merits, and we will deal with it in the same way.

The statute which governs the case was construed by this division of the court, in *South Missouri Lumber Co. v. Wright* (1893), 114 Mo. 333 (21 S. W. Rep. 811), in accordance with plaintiffs' contention. But defendant attacks that ruling as unsound, and has submitted a forcible and interesting argument in so doing.

The section in question is not printed with exact verbal accuracy in the revised statutes.

The precise wording of the correct version, as on file in the office of the secretary of state, is as follows:

Sec. ¦2013. *Suits, how instituted.* Suits may be instituted in courts of record, except when the statute law of this state otherwise provides, either, first, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action, and the remedy sought, and by the voluntary appearance of the adverse party thereto; or, second, by filing such petition in such office, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. "*The filing of a petition in a court of record or a statement or account before a court not of record and serving out of process therein shall be taken and deemed the commencement of a suit.*"

(We have italicized the matter added by the revision of 1889; the rest of the section remains as before.)

Prior to the amendment in 1889, the section was supposed to have reached a comparatively settled construction on the point of present difference. It had been adjudicated that an action was commenced (as far as concerned a bar of limitation) upon the filing of the petition in a court of record. *Dougherty v. Downey* (1826), 1 Mo. 674; *Hite v. Hunton* (1855), 20 Mo. 286; *Foster v. Breshears* (1874), 55 Mo. 22; *Gosline v. Thompson*

(1875), 61 Mo. 471; *Spurlock v. Sproule* (1880), 72 Mo. 503.

But it appears to be thought that the change of language in 1889 should neccessarily be held to indicate an intent to change the construction theretofore given to that section.

The part that had been construed was, however, left untouched by the revision. The change consisted only of an addition. The addition related not merely to courts of record, but to those not of record. In regard to justices' courts, the statute law at the time provided, in express terms, that, unless the defendant appeared voluntarily, the action was to be deemed as commenced, "upon delivery of the writ to the constable to be served;" and the latter was required to note upon the writ the time of receiving the same, (R. S. 1889, sec. 6136, identical with section 2849, of 1879).

The present case does not require us to interpret the effect of the amendment in its bearing upon proceedings of courts not of record; and it is better to keep our commentary within the facts in judgment.

As the statute now stands, it is far from clear that the words "and serving out of process therein" can be considered to apply to proceedings in a "court of record." In view of the existing statutes (above mentioned) in regard to justices' proceedings, it is probable that those words were intended to apply to courts not of record only, and that the new matter was designed simply as a codification of the construction which had been already given to the prior law, as to courts of record.

The old section had been the subject of contradictory remarks, if not rulings. (See the cases above cited, and also intimations to the contrary in *Fenwick v. Gill* (1866), 38 Mo. 525, and *McKinzie v. Hill* (1873), 51 Mo. 303.) And, though its meaning had come at

length to be fairly well settled, there was nothing extraordinary in enacting the accepted construction as positive law.

It is not strange or novel in jurisprudence to find an amendatory statute drawn to express in plain terms the judicial reading of the former law.

Many of the best efforts at codification of the substantive law have taken the form of enactments of existing rules, resting upon judicial decisions.

Under the old law it had been held that the filing of a petition in our procedure had like effect to the suing out of the writ under the common law practice. In both systems the real initial step in an action was regarded as its beginning, as against the statute of limitations.

In the absence of directions to the contrary, the filing of a petition amounts to an order to the clerk to issue process in the cause.

Hence such filing was rightly held to be, in effect, a "suing out" of the writ, as contemplated by the old section, 2013. But, as the plaintiff could not always direct the movements of the clerk in issuing process, it was also justly considered that the former could not be held answerable for any delay on the clerk's part in setting the legal machinery into full action, after the plaintiff had taken the proper initiative.

To avoid the barrier of limitation, the earliest move in the proceeding was considered and held to be its legal commencement, in accordance with a general principle of the common law demanding a liberal and favorable construction of a law, as against a forfeiture of rights.

When it came to considering an action from other standpoints of legal observation, as, for instance, with reference to applying the law of *lis pendens* to the rights of strangers, the first move of the plaintiff in filing the

petition was not generally regarded as, of itself, the commencement of the suit, under the old law. *Herrington v. Herrington* (1858), 27 Mo. 560; *Bailey v. McGinniss* (1874), 57 Mo. 371; *Shaw v. Padley* (1877), 64 Mo. 522.

In the present case we are dealing solely with the question of the proper mode to commence the proceeding, with reference to the law of limitation; and our comments should be taken as applicable only to that phase of the subject.

The law on this point differs widely in other jurisdictions. It has been very generally regulated by local statutes. 1 Encycl. of Pleading and Practice, 119. So we derive but little aid from precedents in other states.

After due reconsideration of the subject, we are of opinion that the prior ruling of this division was correct; and we adhere to it.

It follows that the judgment should be reversed and the cause remanded. It is so ordered. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.