### CENTRAL OHIO R. CO. et al. v. MAHONEY.

(Circuit Court of Appeals, Sixth Circuit. April 8, 1902.)

#### No. 765.

REMOVAL OF CAUSES—REMOVAL TO FEDERAL COURT—JOINT DEFENDANTS.

Under Rev. St. Ohio, § 3305, declaring that, notwithstanding an Ohio corporation leases its railroad, it shall remain liable as if it operated the road. and "both the lessor and lessee shall be jointly liable" to any person for negligence, and "may be jointly sued" in the state courts, an action by a citizen of the state, brought in the state courts, for a joint tort, against the lessor of a railroad, a state corporation, and the receivers of the lessee, citizens of another state, was improperly removed to the federal court on the petition of the receivers, alleging that the other defendant "had no interest or liability jointly with the receivers"; plaintiff's petition not presenting a separable, but a joint, controversy, though at the time of filing the petition for removal the lessor had not been served with the summons, the sheriff's return showing that it had not been found.[1]

In Error to the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio.

This was an action brought in a state court of Ohio by Mahoney, the defendant in error. against the above-named plaintiffs in error, to recover damages for a personal injury sustained by him from the negligence of the above-named receivers while they were operating the railroad of the Central Ohio Railroad Company under an appointment made by the circuit court of the United States for the Southern district of Ohio, in a case therein pending, in which the Mercantile Trust Company of New York was complainant, and the Baltimore & Ohio Railroad Company was defendant; the last-named company having theretofore been in possession of the railroad under a lease from the Central Ohio Railroad Company. The petition alleged the joint liability of the Central Ohio Railroad Company and the receivers, and prayed a joint judgment against them upon the ground that a statute of the state imposed a joint liability upon the lessor and the lessee for damages arising from the negligence of the lessee in operating the railroad. Section 3305 of the Revised Statutes of Ohio provides that, when one railroad company leases its road to another, "the company to whom any railroad is leased, if a corporation of any other state, shall be subject to all the restrictions, disabilities and duties of a railroad company incorporated within this state; and notwithstanding such lease the corporation of this state,

---

[1] Removal of causes in cases involving separable controversies, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

lessor therein, shall remain liable as if it operated the road itself, and both the lessor and lessee shall be jointly liable upon all rights of action accruing to any person for any negligence or default growing out of the operation and maintenance of such railroad, or in any wise connected therewith, and may be jointly sued in any of the courts of this state of proper jurisdiction, and prosecuted to final judgment therein as in other cases of joint liability." Process was duly served upon the receivers, but the sheriff returned that the Central Ohio Railroad Company was not found. At this stage of the case the receivers removed the case into the circuit court of the United States upon their petition setting forth that they were citizens of Maryland, and that the plaintiff was a citizen of Ohio, and further that "the defendant the Central Ohio Railroad Company had no interest or liability jointly with the said receivers of the Baltimore & Ohio Railroad Company." The plaintiff moved to remand upon the ground that the circuit court of the United States had not acquired jurisdiction. This motion was overruled, and thereupon the Central Ohio Railroad Company appeared and filed a demurrer to the petition. The receivers also demurred. Both demurrers were overruled. The defendants severally answered,—the receivers as well as the Central Ohio Railroad Company,—averring, among other things, that the receivers were not operating the railroad under the lease at the time of the plaintiff's injury. The issues being formed, the case was brought to trial, and resulted in a verdict and judgment for the plaintiff, and the case was brought here on writ of error.

J. H. Collins, for plaintiffs in error.

Emmett Tompkins and Thomas Steele, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the proceedings in the case as above, delivered the opinion of the court.

When this case was reached for hearing at a former term, the question of jurisdiction was brought to the attention of the court, and a grave doubt was expressed whether the case was properly removed from the state court; but the case was permitted to be argued on the merits, and subsequently the following question was certified to the supreme court of the United States:

"Is a suit removable from a state court to a United States court upon the petition of the receivers alone, when the action is against receivers appointed by a United States court, and also against a corporation created under the laws of the state of which the plaintiff is a citizen, when the action is a single action against both defendants for a joint tort?"

The question has been answered in the negative, and that answer practically determines the course which we should take. For the statute upon which the action is founded, in creating the liability, declares that it shall be joint, and that the lessor and lessee may be jointly sued; and the plaintiff, in his petition, pursues the defendants upon their alleged joint liability.

Only one further question requires consideration. It appears from the preceding statement of the proceedings in the case that there had been a return by the sheriff that the Central Ohio Railroad Company was not found at the time when the petition for removal was filed. But this did not discharge that defendant from the case. The plaintiff might still take steps for bringing the railroad company in, by taking out an alias summons. Moreover, the receivers did not pray for the removal upon the ground that the suit had become one against them alone, but claimed the right to remove upon the ground that the

other defendant had "no interest or liability jointly with the said receivers." The Central Ohio Railroad Company appeared in the court below after the removal, and defended the suit upon the footing that it had been removed as a joint action, and a joint judgment was rendered against the railroad company and the receivers. We are therefore of the opinion that the circumstance that there had been a return of non est inventus as to the railroad company when the petition for removal was filed was unimportant. As the case made by the plaintiff's petition did not present a separable controversy, it could not be removed by the receivers alone. We cannot for the present purpose consider the question of the validity of the defense made by the railroad company, since the right to remove is determined by the case made by the plaintiff's petition. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511.

The judgment must be reversed, and the cause remanded, with a direction to remand it to the state court from which it was removed. The plaintiffs in error (the receivers, who wrongfully removed the case from the state court) will pay the costs of the court below and of this court.