WESLEY RODGERS, RESPONDENT, v. GAINES BROTHERS COMPANY, A COR-PORATION, APPELLANT, AND JOHN BLAIR, DEFENDANT.*

St. Louis Court of Appeals. Opinion filed May 3, 1927.

**1.—Removal of Causes: Diversity of Citizenship—Separable Controversy—Petition for Removal—Joinder of Defendants.** Under Judicial Code, section 28 (U. S. Comp. St. 1916, section 1010), an action cannot be removed from a State to a Federal court on the ground of diversity of citizenship, where there is no separable controversy, unless all the defendants join in the petition for removal, and are all nonresidents of the State in whose court the action was originally brought.

**2.—Same—Commencement of Action—Filing of Petition—Process.** Regarding removal of causes, the filing of plaintiff's petition is considered as being of itself a demand for or suing out of process, and the action is deemed to have commenced when the petition is filed, although process has not been issued, provided the petition is filed with the intention that process shall be issued without delay under section 1182, Revised Statutes 1919.

**3.—Same—Same—Same—Situation of Defendants.** Regarding removal of causes, after an action has been duly commenced against a party defendant, he remains a party to the action, even though not served, until the plaintiff evidences his intention of abandoning his cause of action against him, either by neglecting to make timely application for an alias summons or otherwise, by electing to proceed to trial without him, or by voluntarily dismissing as to such party, under section 1406, Revised Statutes 1919, providing that, where there are several defendants, some of whom do not appear, and are neither notified nor summoned, the plaintiff may proceed against those, if any, who do appear or are summoned or notified, and dismiss his petition as to the others; or he may continue the cause until the next term, and proceed to bring in the other defendants by process or publication, as the case may require.

**4.—Same—Right to Removal—Determined as of Date of Filing Petition Therefor.** The right to have a case removed from a State court to a Federal court must be determined as of the time of the filing of the petition therefor.

**5.—Same—Diversity of Citizenship—Resident Foreman Party Defendant— Cause Not Removable by Nonresident Employer.** Where, in an action for damages for personal injuries by a resident employee against a nonresident employer and a resident foreman, a summons was issued for the foreman but not served, held the foreman was a party defendant to the action in view of sections 1182 and 1406, Revised Statutes 1919, and consequently as the requisite diversity of citizenship did not exist between plaintiff and all of the defendants, employer's petition for removal was properly denied.

**6.—Master and Servant—Servant Injured—Driving Wagon—Furnished— Not Equipped with Brakes—Negligence—Liability of Master.** In an action for damages for personal injuries by a dump wagon driver who was thrown from a wagon, negligence of employer in furnishing a wagon not equipped with brakes held a question for the jury.

**7.—Same—Same—Same—Same—Foreman's Order Directing Servant to Drive Wagon—Liability of Foreman.** In an action for damages for personal injuries by a dump wagon driver who was thrown from a wagon, negligence of employer's foreman in directing plaintiff to drive and dump said wagon at a place known to be dangerous and unsafe held a question for the jury.

**8.—Damages—Excessive Damages—Evidence—Verdict for $5000—Not Excessive.** Where the driver of a dump wagon was thrown from the wagon and one of the wheels ran over his head, entirely severing his right ear, and bruising his head, right arm, and right leg, impairing his hearing and causing him to suffer from headaches and sleeplessness, a verdict for $5000 held not excessive.

---

*Corpus Juris-Cyc. References: Damages, 17CJ, p. 1095, n. 89; p. 1106, n. 58; p. 1117, n. 13; Master and Servant, 39CJ, p. 1138, n. 73; p. 1168, n. 78; Removal of Causes, 34Cyc, p. 1250, n. 90; p. 1251, n. 98; p. 1252, n. 1; p. 1273, n. 92; p. 1281, n. 24; p. 1282, n. 31.

Appeal from the Circuit Court of Franklin County.—Hon. R. A. Breuer, Judge.

AFFIRMED.

*John T. Sluggett, Jr.* and *F. W. Jenny* for appellant.

In an action in a State court at a time when by the laws of the State in which the case is pending a defendant who has been served with summons and a copy of the petition is required to answer or plead the persons named as codefendants in the complaint, but who have not been served with summons, are not parties to the cause whose presence will prevent the removal on the ground of diversity of citizenship of the defendant served, and the defendant served may lawfully remove the case to the Federal court on his own petition and bond without any petition, application or action by the defendant not served. Community Building Co. v. Maryland Casualty Co.,

8 Fed. Rep. 2nd Series, 678; Hunt v. Pierce et al., 284 Fed. Rep. 321; Fallis v. McArthur, Fed. Cas. No. 4627; Tremper v. Swabacher (C. C.), 84 Fed. 413, 415, 416; Bowles v. H. Z. Heinz Co. (C. C.), 188 Fed. 937, 928; Carlisle v. Sunset Telephone and Telegraph Co. (C. C.), 116 Fed. 896. Section 3 of the Judiciary Act, August 13, 1888, C. 866, 25 Stat. 435 (U. S. Comp. St. 1901, p. 510), according to its clear import and as uniformly interpreted by the Supreme Court, authorizes the removal of a cause from a State court to the proper Federal court upon the filing of a petition disclosing the right to remove and the giving of the prescribed bond. Upon the filing of such petition it becomes a part of the record, and if on the face of the record so constituted a suit appears to be removable the state court in which the petition is filed is bound to surrender its jurisdiction and proceed no further. Such a petition presents, for the consideration of the state court, a question of law only, whether assuming the facts stated in the petition to be true, the face of the record discloses a removable cause under the law. Donovan v. Wells Fargo, 169 Fed. Rep. 363; Insurance Co. v. Pechner, 95 U. S. 183, 195; Stone v. So. Carolina, 117 U. S. 430; Carson v. Hyatt, 118 U. S. 279; Carson v. Dunkam, 121 U. S. 421; Burlington Ry. v. Dana, 122 U. S. 513; Crehon v. Ohio, etc., Ry., 131 U. S. 240; Traction Co. v. Mining Co., 196 U. S. 239. A defense in the State court after denial of petition for removal does not constitute a waiver of right to removal Queensboro, etc., v. Kelly, 15 Fed. Advance Sheets, 2nd Series, 395.

*W. L. Cole, Virginia J. Booth* and *James Booth* for respondent.

(1) Errors assigned in motions for new trial and in arrest, not preserved in appellant's brief and argument, are waived. Sitts v. Daniel, 284 S. W. 857; Springfield Crystallized Egg Co. v. Refrigerating Co., 259 Mo. 664; Pollard v. Carlisle, 218 S. W. 921; Severson v. Dick, 216 Mo. App. 572; Burton v. Maupin, 281 S. W. 83. (2) The trial court did not err in denying the petition for removal. The controversy was not wholly between citizens of different States; defendant Blair was a resident of Missouri, and not alleged to be a nonresident in the petition for removal (section 1010, U. S. Compiled Statutes 1918). And where the sole ground of removal is that the only controversy is between citizens of different States, the preponderance of authority supports the proposition that all the parties named in plaintiff's pleading who are on the opposite side of the controversy to him must join in the application (34 Cyc. 1281). And the fact that one of defendants has not been served will not obviate the necessity of his joinder in the petition for removal. (See cases cited Note 24, 34 Cyc. 1281.) And to the same effect is McNaul v.

Securities Corporation, 178 Fed. 308; Bowles v. Heintz, 188 Fed. 937; Powell v. Ry. Co., 294 Fed. 292.

BENNICK, C.—This is an action for damages for personal injuries, sustained by plaintiff on May 19, 1926, while in the employ of Gaines Brothers Company. The verdict of the jury was in favor of plaintiff, and against Gaines Brothers Company, in the sum of $5000, and from the judgment rendered thereon the latter has appealed.

Plaintiff's petition was filed on June 17, 1926, and on the same day summons was issued for appellant, and for one John Blair, also named a party defendant, returnable to the August, 1926, term of court. Summons was duly served upon appellant, but no service was had upon Blair.

On August 2, 1926, being the first day of the August term of court, appellant filed a duly verified petition for removal of the cause to the District Court of the United States within and for the Eastern Division of the Eastern Judicial District of Missouri, together with a bond in the sum of $500, with good and sufficient surety. The petition was in approved form, and for ground for removal set up diversity of citizenship, in that plaintiff was a citizen of the State of Missouri, and appellant a corporation organized and existing under and by virtue of the laws of the State of Oklahoma and a citizen of said State. There was a further allegation that the defendant Blair was not a resident or citizen of Franklin County, within the State of Missouri; that process had not been served upon him; that he had not entered his appearance in the cause; and that the court had no jurisdiction over him.

Thereafter, and on the same day, plaintiff filed an amended petition again designating Blair as a party defendant. On August 5th, appellant's petition for removal was denied by the court, to which ruling exception was taken and duly preserved by appellant in a term bill of exceptions. On August 17th, appellant filed its answer, and on the same day the cause was tried, resulting in a verdict and judgment, as we have indicated above. During the taking of defendant's evidence, plaintiff voluntarily dismissed the case as to defendant Blair.

Plaintiff's petition alleged that plaintiff was engaged in the work of constructing a State highway; that it was the duty of plaintiff to drive a dump wagon, under the directions of defendant's foreman, Blair, and that he was injured by reason of the negligence of defendants, in the following particulars (which were submitted to the jury): *First*, in ordering and directing plaintiff to drive and dump said wagon at a place known by defendants to be dangerous and

unsafe; and, *second,* in furnishing a dump wagon to plaintiff which was not provided with brakes, and was dangerous and unsafe.

The answer of appellant was a general denial, coupled with pleas of contributory negligence and assumption of risk.

While the reply is not set out in the abstract of the record, it appears that the case was tried as though the new matter in the answer was at issue.

The evidence disclosed that the dump wagon which had been furnished plaintiff by appellant was drawn by three mules. Upon the occasion in question, after the wagon had been loaded by a steam shovel, plaintiff drove along the dump, which was ten or twelve feet high, to a point where his foreman, Blair, directed that he should drive down the slope and dump his load. It appears that the slope was covered with large rocks, and in driving down the same, the wagon (which was not equipped with a brake) pushed down upon the mules, causing them to lunge forward. Plaintiff was thrown from the wagon thereby, and one of the wheels ran over his head, entirely severing his right ear, and bruising his head, right arm, and right leg. The evidence disclosed that, by reason of the accident, his hearing was impaired, and he was caused to suffer from headaches and sleeplessness.

The first and principal contention of appellant is that the court erred in denying its petition for removal after such petition (together with bond and proof of service of notice of its intention to file such petition and bond) had actually been filed and presented to the court below. In the consideration of this question we may concede, as we have indicated elsewhere, that appellant's petition and bond were in proper form, and that same were duly filed by it at the time when it was required by the statutes and rules of court to appear and plead to plaintiff's petition. The petition for removal counted solely upon diversity of citizenship between plaintiff and appellant as the ground for removal, and the purport of same was wholly to disregard the resident, Blair, as a defendant in the case, inasmuch as no service had been had upon him.

The removal statute provides that any suits of a civil nature, at law or in equity, of which the district courts of the United States have jurisdiction, and which are brought in any State court, may be removed into the district courts of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. [Judicial Code U. S., sec. 28 (U. S. Comp. St. 1916, sec. 1010).] In the construction of this statute, it has been held that an action cannot be removed from a state to the federal court on the ground of diversity of citizenship, where there is no separable controversy, unless all the defendants join in the petition for removal, and are all nonresidents of the State in whose court the action was originally brought. [Chicago, R. I. & P. Ry. Co. v. Martin,

178 U. S. 245, 20 S. Ct. 854, 44 L. Ed. 1055; Cochran v. Montgomery County, 199 U. S. 260, 270, 26 S. Ct. 58, 50 L. Ed. 182; Fletcher v. Hamlet, 116 U. S. 408, 410, 6 S. Ct. 426, 29 L. Ed. 679; Highway Construction Co. v. McClelland, 14 Fed. (2nd) 406; McCaffrey v. Wilson & Co., 10 Fed. (2nd ) 368; Blackburn v. Blackburn, 142 Fed. 901; Casey v. Baker, 212 Fed. 247; McNaul v. West Indian Securities Corporation, 178 Fed. 308.]

It is apparent, therefore, that the determination of appellant's right to have removed this cause to the Federal court depends in the final analysis upon the question of whether Blair was a party to the action at the time the petition for removal was filed, though concededly he had not been served with process. If he was not a party, upon the filing of appellant's petition in the circuit court, the jurisdiction of such court ceased, and that of the Federal court immediately attached, regardless of the action of the State court, and all further proceedings below were *coram non judice*. However, if he was still a party, the case was clearly not removable, for the reason that he was a resident of Missouri, and the requisite diversity of citizenship for removal could not exist.

The present action was instituted by the filing of plaintiff's petition, and the suing out thereon of writs of summons against the parties named as defendants in said petition. [Section 1182, R. S. 1919.] In fact, the filing of the petition is considered as being of itself a demand for or suing out of process, and the action is deemed to have commenced when the petition is filed, although process has not been issued, provided the petition is filed with the intention that process shall be issued without delay. [McGrath v. St. Louis, K. C. & C. R. Co., 128 Mo. 1, 30 S. W. 329; South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811; Franz v. Radeacker (Mo. App.), 264 S. W. 97; State ex rel. v. Bates (Mo. App.), 286 S. W. 420.]

The effect of the language of the above statute itself, and of the necessary construction put upon it, is to establish the fact that the present action was commenced against Blair as a party defendant at the moment plaintiff's petition was filed, irrespective of the service of the writ of summons upon him.

We have another statute (section 1406, R. S. 1919) which provides that, where there are several defendants, some of whom do not appear, and are neither notified nor summoned, the plaintiff may proceed against those, if any, who do appear or are summoned or notified, and dismiss his petition as to the others; or, he may continue the cause until the next term, and proceed to bring in the other defendants by process or publication, as the case may require. The clear import of this statute is that, after an action has been duly commenced against a party defendant, he remains a party to the action, even though not served, until the plaintiff evidences his in-

220 Mo. App.—56.

tention of abandoning his cause of action against him, either by neglecting to make timely application for an *alias* summons or otherwise, by electing to proceed to trial without him, or by voluntarily dismissing as to such party.

Appellant relies upon a line of cases such as Tremper v. Schwabacher, 84 Fed. 413; Keenan v. Gladys Belle Oil Co., 11 Fed. (2nd) 418; Bowles v: H. J. Heinz Co., 188 Fed. 937; Hunt v. Pearce, 271 Fed. 498, aff. 284 Fed. 321; and Community Building Co. v. Maryland Casualty Co., 8 Fed. (2nd) 678. These cases are clearly not in point, because in all of them all of the defendants, including the one not served with process, were nonresidents, and thus there was no question as to the requisite diversity of citizenship for removal. Following the reasoning in Tremper v. Schwabacher, the courts in each instance held that the right to remove should be allowed as a matter of necessity, inasmuch as the defendant served was obliged to appear and make his defense without waiting for service upon the co-defendant, and could neither require the co-defendant to join in the petition for removal, nor could he claim a stay of proceedings.

Neither is the case of Carlisle v. Sunset Telephone & Telegraph Co., 116 Fed. 896, controlling, because, although the defendant therein not served was a resident, he was not in fact a party to the action, inasmuch as the same had not been duly commenced against him as provided by the statutes of the State in which the action was brought.

The right of appellant to have removed this case must be determined as of the time of the filing of its petition therefor. To our minds there is no escape from the conclusion that at such time, under the provisions of our statute, Blair was a party defendant to the action, from which it follows that the requisite diversity of citizenship did not exist between plaintiff and all of the defendants, and appellant's petition for removal was, consequently, properly denied. In support of this conclusion, the following cases, though turning on the question of separable controversy, are persuasive: Patchin v. Hunter, 38 Fed. 51; Armstrong v. Kansas City S. R. Co., 192 Fed. 608, 615.

The point is made that the peremptory instruction in the nature of a demurrer to the evidence, requested by appellant, should have been given. Without entering into an extended discussion of the evidence, suffice it to say that, in our opinion, it was clearly for the jury to determine whether the act of appellant in furnishing plaintiff a wagon not equipped with brakes, in view of the use to be made of it, as well as the order of defendant's foreman, Blair, to plaintiff to drive such wagon down the side of a dump, constituted negligence.

Lastly, appellant argues that the verdict in the sum of $5000 is excessive. We confess that our search has disclosed no case to us sufficiently similar in respect to the nature of the injury involved to

justify its citation herein. While the verdict is high, there is nothing in the record to indicate that appellant did not have a fair and impartial trial, and, inasmuch as the learned trial judge has seen fit to approve the verdict by overruling the motion for a new trial, in which the alleged excessiveness of the verdict was called to his attention, we do not feel that we would be justified in interfering with it.

Finding no error in the trial of the case materially affecting appellant's rights, the Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.