### TAYLOR v. VAN ATTA et al.
### No. 8644.

District Court, W. D. Missouri, Western Division.

Jan. 26, 1933.

Schultz & DeMaria, of Kansas City, Mo., for plaintiff.

Shughart & Johnson, of Kansas City, Mo., for defendants.

OTIS, District Judge.

This case was removed by the nonresident defendant and a motion to remand has been filed by the plaintiff.

It appears from the face of the petition that it is a joint action for negligence against the removing defendant and the resident defendant. The sheriff made a non est return as to the resident defendant. He had not been served with summons on the first day of the return term. A petition and bond for removal were filed at a time when only the nonresident defendant had been served with process. Subsequently an alias summons for the resident defendant was asked, was issued, and was served.

The question of law is this: Is a case which has been filed in a state court removable which presents by the petition filed a joint controversy between the plaintiff and a resident and nonresident defendant merely because the resident defendant has not been served with summons by the return day named in the summons, and where there has been nothing to indicate any intention on the part of the plaintiff to abandon his proceeding against the resident defendant and to proceed solely against the nonresident defendant?

This question must be answered in the negative. There are District Court cases holding both ways on the question, none of which is fully reasoned or includes any satisfactory discussion of the question.

The removal statute (Jud. Code § 28 [28 USCA § 71]) provides that "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, * * * then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

It would seem to me that whether a controversy is wholly between citizens of different states must be determined from the face of the petition unless a showing is made that a resident defendant has fraudulently been joined for the purpose of defeating federal jurisdiction. The petition here discloses on its face that the controversy involved in this suit not only is not wholly between citizens of different states, but is between a citizen of Missouri, on the one side, and a citizen of Missouri and a citizen of Delaware on the other side.

The most authoritative case that I have found which seems to me to be in point is Central Ohio R. Co. v. Mahoney, 114 F. 732,

a decision of the Court of Appeals for the Sixth Circuit by Judges Lurton, Day, and Severens, the first two of whom later became justices of the Supreme Court of the United States. The Court of Appeals of Missouri has ruled similarly. See Rodgers v. Gaines Bros. Co., 220 Mo. App. 876, 295 S. W. 492.

The motion to remand should be and is sustained.

It is so ordered.